THOMAS, Justice:
We assumed jurisdiction of this cause under Article V, Section 4(2), F.SA., because of the view that a statement by the District Court of Appeal in its opinion in Winn-Dixie Stores, Inc. v. Fellows, Fla.App., 153 So.2d 45, conflicted with an opinion of this court in Smith and Armstead v. Croom, et al., 7 Fla. 81.
The better to understand the point, we give a brief digest of the salient facts. The petitioner owns and operates a grocery store in which is sold, in bottles, a beverage known as Pepsi Cola. The bottler, respondent, delivered to petitioner’s place of business several cases of Pepsi Cola which were stacked by the respondent in petitioner’s store in an unsafe manner so that one of the stacks collapsed and fell injuring a customer. The injured person sued both petitioner and respondent and was awarded a judgment in substantial amount. Of course, the method of displaying the product in the store must have been obvious to the storekeeper who, upon occasion, had complained to the respondent about the failure to use “dividers” and substantial cartons and about the height to which the containers were stacked.
The original plaintiff sued petitioner on the theory that it negligently permitted the condition created by respondent to prevail, thereby creating an unsafe place for the plaintiff to shop, and the plaintiff proceeded against the respondent for negligently arranging the display.
The petitioner, Winn-Dixie Stores, Inc., filed a cross claim against its co-defendant, Pepsi-Cola Bottling Co., seeking indemnity on the theory that the latter breached its duty so to safely arrange its display that the customers of the former would not be injured and that Pepsi-Cola thereby became liable to Winn-Dixie for loss suffered by Winn-Dixie. When the trial court announced the intention of directing a verdict against Winn-Dixie on its cross claim for indemnity from Pepsi-Cola Winn-Dixie suffered an involuntary non-suit against it and appealed to the District Court of Appeal where the judgment against both petitioner and respondent was affirmed as was the ruling rejecting the cross claim of Winn-Dixie against Pepsi-Cola.
Reverting to the announcement made by us at the outset, we decided to take jurisdiction because of a statement, no doubt inadvertent, in the final, revised opinion of the District Court of Appeal with reference to the contention of Winn-Dixie anent its cross claim. That corporation was insisting that its liability to the original plaintiff resulted solely from its secondary or passive negligence in failing to discover and correct the faulty display fashioned by Pepsi-Cola. So, argued Winn-Dixie if, because of this “constructive negligence”, it is required to pay the plaintiff it should be indemnified for the amount since the negligence of Pepsi-Cola was “active” in contradistinction to “passive”.
 Then came this pronouncement of the District Court of Appeal which we thought might create the confusion that the provision of the Constitution was designed to obviate: “This position can be sustained only if the proof establishes without conflict that Winn-Dixie was itself without primary fault, that is to say, it had no actual as distinguished from constructive knowledge that the display was built in a dangerous and hazardous manner.” We have italicized the words which point up what we consider a statement conflicting with our former decisions on the subject. The case we cited, Smith and Armstead v. Croom, was decided by this court 106 years ago and we are unaware of any modification of the rule there announced: “We do not understand the books which treat of the rules of evidence, as intending to mean that the certainty must reach that point which would exclude the possibility that the *104 fact be otherwise; but only that it should be of such a degree, induced by appropriate evidence as will produce moral conviction.”
We repeat that in our opinion the statement quoted was doubtless inadvertently made and once deleted, the decision of the District Court will be harmonious in all its parts and will correctly determine the cause.
The sentence quoted is quashed; the opinion otherwise is not disturbed.
DREW, C. J., and O’CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.