CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action to enforce disability payments under a group insurance policy has appealed from a final summary judgment entered by the Circuit Court for Duval County in favor of the defendant, the insurer.
The basic question presented for our determination in this appeal is whether there was a genuine issue as to a material *225 fact so as to preclude the entry of a summary judgment under our procedural rules.
The key provision in our rules governing the entry of summary judgments is found in subdivision (c) of Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A. That provision reads as follows: “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In many cases we have pointed out that, under the quoted provision, two conditions must he met before a moving party is entitled to a summary judgment: there must be no genuine issue as to a material fact; and the moving party must be entitled to a judgment as a matter of law. See, for instance, Smith v. City of Daytona Beach, 121 So.2d 440 (Fla.App.1960).
In accordance with the above-quoted key provision of Rule 1.510, we have examined the pleadings, depositions, and affidavits which were before the circuit court at the hearing on the defendant’s motion for a summary judgment, and find that at that hearing there existed genuine issues as to several material facts, including issues as to whether the plaintiff was totally and permanently disabled; whether the defendant was timely notified of the plaintiff’s claim and, if not, whether the defendant, by its actions, waived formal notification and formal proofs; whether the facts shown create an estoppel or waiver on the defendant’s part; whether the plaintiff used due diligence, or did the defendant have actual or constructive knowledge of the plaintiff’s claim; whether the defendant is estopped from denying policy coverage if its claim agent had the confidence and trust of the illiterate insured, the plaintiff; and what damages, if any, the plaintiff is entitled to in the light of the evidence.
In our opinion, therefore, there were genuine issues of material facts, which issues should have been submitted to the jury for its determination, and, besides, the defendant was not entitled to a judgment as a matter of law.
Consequently, we hold that the Circuit Court erred in entering the summary judgment appealed from herein and that the said judgment must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
’ WIGGINTON and SPECTOR, JJ., concur.