LILES, Acting Chief Judge.
This is a suit to replevin a horse by the name of Bolero LaCe. Following the answer to the complaint, filing of certain affidavits and the deposition of appellant, Julio Figueroa, the trial judge entered a summary judgment awarding possession of the horse to the appellee, Mrs. George J. LaHood. This appeal ensued.
Appellee in her affidavit stated that Mr. Santiago Figueroa, father of Julio Figueroa, gave the stallion to her. She further stated that she returned the stallion to Julio on the condition that the horse be taken from the continental United States and kept in Puerto Rico. Mr. George LaHood, husband of Mrs. George LaHood, gave an affidavit to the same effect. Rosalie Mac-William, Registrar of the American Paso Fino Pleasure Horse Association, Inc., stated by way of affidavit that Julio Figueroa had told her that his father gave the stallion to the appellee and that Mrs. LaHood was the owner of the horse.
Mr. Henry Humphrey, in his affidavit, stated that on several occasions Julio had told him that his father, Santiago Figueroa, gave the stallion to Mrs. LaHood.
The appellant, Julio Figueroa, testified by way of deposition that his father loaned the horse to the LaHoods for stud purposes and that the horse belonged to his father and his sister.
The law is well settled that summary judgment should only be issued where there is no issue of material fact. The trial court should take great care in making its determination as to the nonexistence of material facts. In this instance the appellant disputes the ownership of the horse. The most glaring absence of testimony is from the father, Santiago Figueroa, since he was the apparent original owner of the horse. It seems to us that this is sufficient to warrant a trial in this cause.
For the foregoing reasons, we reverse and remand for action consistent with this opinion.
MANN and McNULTY, JJ., concur.