HAVERFIELD, Judge.
American Bankers Insurance Company brings this appeal from an adverse summary judgment on a writ of replevin to obtain possession of an automobile.
The ultimate question presented is whether a genuine issue of material fact existed so as to preclude the entry of the summary judgment under the procedural rules governing such judgments. RCP 1.-510(c), 31 F.S.A., states as follows: “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
An examination of the record on appeal reveals that appellant issued to one Do-menicone an insurance policy for an automobile which protected the vehicle from theft. The auto was stolen on August 3, 1970 and on September 2, 1970 appellant compensated Domenicone, the insured, and received an assignment of insured’s interest in the car. On September 3, 1970 the police recovered the vehicle and turned it over to appellee who expected payment for services rendered, to-wit: towing and storage of the vehicle. Appellee intended to take advantage of its statutory mechanics’ lien to secure such payment. Appellant was not notified that the vehicle was recovered until January 22, 1971 when it received notice that appellee planned a nonjudicial foreclosure proceeding to enforce its lien. Following this notice, appellant’s agents were dispatched to appellee to tender payment for the vehicle but when an itemized statement of charges was not given to appellant’s agents, no payment was made. Appellant, by certified mail, notified appellee’s attorney of its position, but this letter, although properly addressed, was not claimed by the attorney. On February 12, 1971 appellant filed a writ of replevin to obtain possession of the automobile but the writ was not successfully served on the agent of record, the president, who stated he did not have the auto. In answers to interrogatories, however, appellee stated he had physical possession of the auto on February 13, 1971 and on February 16, 1971 appellee, through its attorney, sold said *729 automobile. Trial court thereafter entered summary judgment for appellee on the basis that plaintiff failed to tender in legally sufficient form any sum whatsoever to defendant prior to or at the sale conducted on behalf of defendant.
We hold, however, that in the case sub judice genuine issues of material fact emerge. As recited above, the summary judgment turned on the question of appellant’s failure to tender to appellee the amount it claimed was due and owing for towing and storage of the subject vehicle, to-wit: $563. Appellant looks to F.S. § 715.05, F.S.A., as controlling in this situation and he thereby limits its liability to only two weeks pursuant to the statute. Although appellant was ready to tender payment to appellee, the amount to be tendered was never resolved and this raises a genuine issue as to material fact.
F.S. § 715.05, F.S.A., requires that the person in charge of any garage or repair shop shall report in writing to the appropriate police agency any motor vehicle involuntarily brought in or left unclaimed in his place of business for more than two weeks when he does not of his own knowledge know the name of the owner. Failure to comply with these requirements shall preclude the imposition of any storage charges against such vehicle after two weeks from the date of storage. The applicability of this statute is in doubt when, as the record on appeal reflects is the situation in this case, the garage owner does not know the name of the true owner of the automobile because the original owner has assigned his rights to another before the vehicle came into the possession of the garage owner. This genuine issue of material fact must be resolved by the trial court before the exact amount due Nolan’s Garage can be determined.
Another issue that must be resolved appeared when the president, agent of record, stated that he did not have possession of the auto thereby frustrating appellant’s writ of replevin.
Summary judgment should be denied if the evidence by affidavit, pleadings, depositions or otherwise demonstrates the existence of a genuine issue of material fact. Byrd v. Leach, Fla.App.1969, 226 So.2d 866; Producers Fertilizer Co. v. Holder, Fla.App.1968, 208 So.2d 492. Not only must no genuine issue as to material fact exist but the moving party must be entitled to judgment as a matter of law. Knight v. American Heritage Life Ins. Co., Fla.App.1970, 237 So.2d 224.
Owing to the existence of genuine issues of fact we hold that the Civil Court of Record erred in entering the summary judgment appealed herein, and that the said judgment must be and is reversed. The cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.