271 So.2d 804 (1973)
PEOPLES GAS SYSTEM, INC., a Florida Corporation, Appellant,
v.
B & P RESTAURANT CORP., d/b/a Manny's Restaurant, a Florida Corporation, Consolidated Mutual Insurance Co., a New York Corporation, et al., Appellees.
No. 72-73, 72-131.
District Court of Appeal of Florida, Third District.
January 10, 1973.
Rehearing Denied February 6, 1973.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellant.
Horton, Schwartz & Perse, West, Goldman & Weisberg, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, Peoples Gas System, Inc., seeks review of two final summary judgments entered by the Circuit Court of Dade County in favor of third party defendants, B & P Restaurant Corp., d/b/a Manny's Restaurant, and its insurer, Consolidated Mutual Insurance Company. The judgments were entered as to appellant's third party claim for indemnification against appellees in two separate suits for personal injuries filed by Jean Rappel and Louis Rappel, her husband, and Mary Louise Reitsma and Matthew Reitsma, her husband, against the appellant and appellees and several others as a result of a gas explosion at Manny's Restaurant in Miami Beach. Peoples Gas filed a third party complaint against the *805 appellees and other defendants for indemnification on the theory that Peoples Gas could only be vicariously or secondarily liable for passive negligence while the other defendants' liability would be for active negligence.
After numerous depositions were taken of the parties and witnesses, B & P and Consolidated Mutual filed motions for summary judgment on the third party complaints. Summary final judgments were entered in favor of the movants in both suits. Peoples Gas has appealed from the entry of the summary judgments in both suits. The two appeals have been consolidated.
It is appellant's contention that the trial court erred in entering the final summary judgments against Peoples Gas on its third party claim for indemnification as there was evidence that raised a genuine issue of material fact and established that if Peoples Gas was negligent, it was guilty of only passive or secondary negligence, and that B & P Restaurant was guilty of active negligence. The right of appellant to crossclaim for indemnification against active tortfeasors where the third party claimant is guilty of only passive negligence has been upheld in Florida. Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330 143 So. 316; Suwannee Valley Electric Co-Op v. Live Oak, Perry & Gulf R. Co., Fla. 1954, 73 So.2d 820; Fincher Motor Sales, Inc. v. Lakin, Fla.App. 1963, 156 So.2d 672; Winn-Dixie Stores, Inc. v. Fellows, Fla. App. 1963, 153 So.2d 45, modified, Fla., 160 So.2d 102.
We have carefully considered the record on appeal and viewed in the light most favorable to the appellant[1] we have concluded that the trial court erred in granting appellees' motions for summary judgment.
We find that the appellees have not carried their burden of showing that there is no genuine issue of material fact and that the movants are entitled to judgment as a matter of law.[2] All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve the disputed facts.
Reversed and remanded for further proceedings.
NOTES
[1] Prestress Erectors, Inc. v. James Talcott, Inc., Fla.App. 1968, 213 So.2d 296; Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Fletcher Co. v. Melroe Mfg. Co., Fla.App. 1972, 261 So.2d 191.
[2] Fletcher Co. v. Melroe Mfg. Co., Fla.App. 1972, 261 So.2d 191; American Bankers Ins. Co. of Florida v. Nolan's Garage, Inc., Fla.App. 1972, 262 So.2d 727; Figueroa v. LaHood, Fla.App. 1972, 262 So.2d 735.