PER CURIAM.
Plaintiff-appellant appeals an order granting the motion of defendant-appellees to dismiss the complaint in this action for common law indemnity.
One Robert Zeger was a tenant in an apartment complex owned and managed by GACL, Inc., the appellant herein. While Zeger was taking a shower, a soap dish became detached from the wall and shattered in his bathtub and as a result thereof, he sustained personal injuries. Zeger sued GACL, Inc., which notified appellee herein, Riviera Tile and Terrazzo Company, which installed the subject soap dish, and appellee’s insurer, The Travelers Indemnity Company, of the pendency of the Zeger case and demanded that they take over the defense. Both Riviera Tile and its insurer refused. Subsequently, a default judgment on the issue of liability was entered against GACL, Inc., and the cause proceeded to trial on the issue of damages. The suit resulted in a verdict against GACL, Inc. in the amount of $17,000 plus interest upon the conclusion of an appeal in the amount of $1,599.50. Thereafter, GACL, Inc. as plaintiff filed a complaint for indemnity against Riviera Tile and its insurer Travelers Indemnity in the amount of $18,599.90 plus costs and reasonable attorneys’ fees. Plaintiff alleged therein that the recovery of Robert Zeger was based solely upon the passive negligence or derivative liability on the part of GACL, Inc., whereas defendant Riviera Tile was guilty of active or primary negligence. Plaintiff-appellant attached to its complaint the complaint brought against it by Robert Zeger. In response thereto, defendant-appellees filed a motion to dismiss for failure to state a cause of action and as grounds therefor alleged that the plaintiff was charged in the complaint brought against it by Robert Ze-ger with active negligence and, therefore, plaintiff is precluded from claiming damages against them. After hearing oral argument thereon and reviewing the complaint of Robert Zeger against GACL, Inc., the trial judge granted the motion to dismiss. Plaintiff appeals therefrom and alleges as error the dismissal of its complaint. We reverse.
It is basic that for the purposes of passing upon a motion to dismiss a complaint, the court must assume all the facts alleged therein are true and confine itself strictly to the allegations within the four corners thereof. Kest v. Nathanson, Fla. App.1968, 216 So.2d 233; Geer v. Bennett, Fla.App.1970, 237 So.2d 311.
The complaint in the case sub ju-dice alleges that plaintiff is only passively negligent and that defendant-appellees are the active tort-feasors. Thus, we conclude that plaintiff’s complaint sufficiently states a cause of action for common law indemnity. See Peoples Gas System, Inc. v. B & P Restaurant Corporation, Fla.App.1973, 271 So.2d 804.
*41 Accordingly, we reverse the order dismissing plaintiff’s complaint and remand the cause for further proceedings not inconsistent herewith.
Reversed and remanded.