330 So.2d 546 (1976)
Joe D. MIEURE et al., Appellants (Defendants, Counter-Plaintiffs and Third-Party Plaintiffs),
v.
Billy Joe MOORE et al., Appellees (Plaintiff and Counter-Defendant, and Third-Party Defendant).
No. AA-468.
District Court of Appeal of Florida, First District.
April 20, 1976.
Thomas B. Ingles, Panama City, for appellants.
Ben L. Holley of Barrow & Holley, Crestview, Harry E. Barr of Timmel & Campbell, Fort Walton Beach, Gregory Anchors, Valparaiso, Charles R. Timmel of Timmel & Campbell, Fort Walton Beach, for appellees.
MILLS, Judge.
The defendants, as counter-plaintiffs and third party plaintiffs, appeal from an order entered in an automobile personal injury case dismissing their counterclaim and third party complaint which sought contribution from the plaintiff, as counterdefendant, who was the husband and the father of the other plaintiffs and his liability insurance company as third party defendant.
The appeal here was designated as an interlocutory appeal. But it was improperly designated, because the order appealed is not an order that is appealable under the provisions of Rule 4.2a, Florida Appellate Rules. However, the improper designation does not affect the jurisdiction of this court, because the order appealed does support a full appeal. Mendez v. West Flagler Family Ass'n., Inc., 303 So.2d 1 (Fla. 1975). Therefore, we will consider this case as a full appeal. Shute v. Keystone State Bank, 159 So.2d 106 (Fla.App. 1st, 1964).
The question raised by this appeal is whether a joint tortfeasor may seek contribution *547 from the other joint tortfeasor who is the spouse and the parent of the injured parties.
While driving an automobile occupied by his wife and three minor children, Billy Joe Moore ran into the rear of defendants' tractor-trailer which he alleges was negligently parked. Moore and his family seek damages for their injuries. The defendants filed a counterclaim against Moore and a third party complaint against his liability insurance company alleging that Moore was a joint tortfeasor, and seeking contribution from Moore and his insurance company. Moore and his insurance company moved to dismiss the counterclaim and third party complaint, and the trial court granted the motion on the ground that the doctrine of family immunity precluded contribution.
It is well established in Florida, that spouses may not sue each other nor may children sue their parents for tort. Orefice v. Albert, 237 So.2d 142 (Fla. 1970).
Under the provisions of Section 768.31, Florida Statutes, referred to as the Uniform Contribution Among Tortfeasors Act, contribution is permitted when two or more persons become jointly or severally liable in tort for the same injury to a person.
Joint tortfeasors are two or more persons jointly and severally liable in tort for the same injury to a person. 34 A.L.R.2d 1108.
In the majority of jurisdictions where contribution is allowed among joint tortfeasors, contribution is not allowed from a joint tortfeasor who is immune from suit by the injured party, because of the family immunity doctrine. 19 A.L.R.2d 1003.
In the case before us, because Moore's wife and minor children cannot assert a claim against him, Moore is not a joint tortfeasor with the defendants. Since common liability between Moore and the defendants is lacking, and this is essential to the right of contribution, the defendants have no right of contribution from Moore. The action taken by the trial court was correct.
In view of the recent developments in the tort field, the abrogation of contributory negligence, the adoption of comparative negligence, the enactment of the Uniform Contribution Among Tortfeasors Act, and others, the time may be ripe for the abrogation of the family immunity doctrine. It appears that this would be consistent with the recent development that a loss should be apportioned among those whose fault contributed to the event, as well as providing for contribution among joint tortfeasors. However, we do not have this authority. Only the Supreme Court may overrule this precedent. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
AFFIRMED.
BOYER, C.J., and SMITH, J., concur.