345 So.2d 789 (1977)
Gerald PAOLI et al., Appellants,
v.
Minnie Berger SHOR et al., Appellees.
No. 76-504.
District Court of Appeal of Florida, Fourth District.
April 15, 1977.
Rehearing Denied June 6, 1977.
Thomas F. Martin and Henry Burnett, of Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Miami, for appellants.
Marjorie D. Gadarian, of Jones, Paine & Foster, P.A., West Palm Beach, for appellees.
DAUKSCH, Judge.
This is a personal injury case wherein Appellant was the Plaintiff seeking contribution from the Appellee as a joint tortfeasor as defined in Section 768.31, Florida Statutes (Supp. 1976).
The facts of the case bring us squarely in the face of the common-law doctrine of interspousal immunity which says neither a husband nor a wife can sue the other. See Webster v. Snyder, 103 Fla. 1131, 138 So. 755 (1932) (especially dissent).
When the joint tortfeasor statute and the interspousal immunity doctrine are read together and we consider the case of Mieure v. Moore, 330 So.2d 546 (Fla. 1st DCA 1976), we are involved in a real conflict situation. We have considered the fact that no Florida Supreme Court case on point is extant and are ever mindful of the admonitions in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Briefly stated Shor was the operator of a motor vehicle occupied by her husband who was injured as a result of an accident caused by Paoli and Shor. Shor's husband *790 sued Paoli for damages and collected. Now Paoli seeks contribution from Shor as a joint tortfeasor. Shor defends on interspousal immunity. The trial court entered a Judgment on the pleadings against Paoli. We reverse.
The doctrine of family or interspousal immunity is based on the desirability of the preservation of the family unit. The law of contribution of joint tortfeasors is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury.
In the case at bar it was determined that both Paoli and Shor caused the injury. Shor's husband collected 100% of his damages from Paoli. To say that Shor doesn't have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor. This is not a case where the husband sued the wife on account of her negligence so we are not doing any real damage to the doctrine. This is a case where the joint tortfeasor sued the joint tortfeasor and we are ruling in support of that statute.
Because of the obvious conflict of this opinion with that of the 1st District Court of Appeal in Mieure v. Moore, 330 So.2d 546 (Fla. 1st DCA 1976) and the frequency with which this question has arisen and will continue to come before the courts of our state we certify to the Supreme Court of Florida the following determinative question passed upon by this opinion as being of great public interest:
DOES THE COMMON-LAW DOCTRINE OF INTERSPOUSAL IMMUNITY CONTROL OVER THE UNIFORM CONTRIBUTION AMONG JOINT TORTFEASORS ACT (75-108 LAWS OF FLORIDA, SECTION 768.31, FLORIDA STATUTES) TO PREVENT ONE TORTFEASOR FROM SEEKING A CONTRIBUTION FROM ANOTHER TORTFEASOR WHEN THE OTHER TORTFEASOR IS THE SPOUSE OF THE INJURED PERSON WHO RECEIVED DAMAGES FROM THE FIRST TORTFEASOR?[1]
REVERSED and REMANDED for further proceedings not inconsistent herewith.
MAGER, C.J., concurs specially, with opinion.
ALDERMAN, J., dissents, with opinion.
MAGER, Chief Judge, concurring specially:
The reasons ably expressed by the author of the majority opinion, with which I concur, are consistent with justice and logic.
In particular, I agree that we need not concern ourselves with the applicability of Hoffman v. Jones, supra, principally because we are here deciding for the first time that the common law doctrine of interspousal immunity does not affect the right to contribution under the Uniform Contribution Among Joint Tortfeasors' Act (75-108 Laws of Florida, Section 768.31, Florida Statutes).
This precise issue was not considered, contemplated, or remotely involved when the Supreme Court decided Bencomo v. Bencomo, 200 So.2d 171 (Fla. 1967). In Bencomo, supra, the court was dealing with a direct action by a divorced wife against her former husband for intentional torts allegedly committed during the marriage. Hence, Bencomo is not controlling and the admonition of Hoffman is inapplicable.
Moreover, the underlying rationale of Bencomo, i.e., the recognition of the common law doctrine of the merger or unity of husband and wife, was discarded by the Supreme Court in its later decision in Gates v. Foley, 247 So.2d 40 (Fla. 1971), where the court properly observed, at page 44:
"So it is that the unity concept of marriage has in a large part given way to the partner concept whereby a married woman stands as an equal to her husband in the eyes of the law. By giving the wife a separate equal existence, the law created a new interest in the wife which should not be left unprotected by the courts. *791 Medieval concepts which have no justification in our present society should be rejected... ." (Emphasis added).
Lastly, whatever may have been the intended judicially-created application of the Bencomo rule to contribution situations, it has now been modified by the legislature in the 1975 enactment of the Uniform Contribution Among Joint Tortfeasors' Act. The legislature is presumed to be aware of relevant judicial decisions and undoubtedly was aware of the Bencomo decision when it adopted Chapter 75-108; had it intended to carve out any exception to the applicability of the contribution act it certainly could have done so, but chose not to do so. (See, for example, section 768.31(2)(g), Florida Statutes). The interpretation which this court has given the contribution act serves to promote the express legislative intent (sec. 768.31(6), Florida Statutes).
One of the better dissertations on this subject may be found in the recent decision of the Supreme Court of Rhode Island in Zarrella v. Miller, 217 A.2d 673 (1966). In Zarrella, the Court recognized the Rhode Island rule (similar to Florida rule) that a wife may not maintain a suit against her husband for injuries caused by the latter's negligence. The Court analyzed this rule in light of the adoption of the "Uniform Contribution Among Tortfeasors' Act", recognizing that a split of authority existed in those jurisdictions which had adopted the act. As the Supreme Court aptly observed:
"... We cannot believe that in enacting such act the legislature intended to extend the doctrine of interspousal immunity to actions under the act in the light of modern-day conditions. Such intent would be contrary to common sense and justice. We are convinced that the legislature intended contribution in a case such as this. We agree with the words of Dean Prosser that `There is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone * * * while the latter goes scot free.' Prosser, Torts, 2d ed., chap. 8, § 46, p. 248. In enacting this act we believe the legislature intended to include the spouse of an injured party as a joint tortfeasor `liable in tort for the same injury.'" (217 A.2d 676). (Emphasis added).
For these reasons and for those expressed in the majority opinion I concur in a reversal and in the certification.
ALDERMAN, Judge, dissenting:
The sole issue presented by this appeal is whether the doctrine of interspousal immunity bars a right of contribution that would otherwise exist under Section 768.31, Florida Statutes. The trial court held that it does; I agree and would affirm.
The doctrine of interspousal immunity has not been abolished and is still a part of the common law of Florida. Heaton v. Heaton, 304 So.2d 516 (Fla. 4th DCA 1974). Mr. Shor cannot assert a claim against his wife. Mrs. Shor and Mr. Paoli therefore are not joint tort feasors because they have no common liability to Mr. Shor. Since common liability is lacking, Mr. Paoli has no right of contribution from Mrs. Shor. Mieure v. Moore, 330 So.2d 546 (Fla. 1st DCA 1976).
The doctrine of interspousal immunity has long been recognized by our Supreme Court. Corren v. Corren, 47 So.2d 774 (Fla. 1950); Bencomo v. Bencomo, 200 So.2d 171 (Fla. 1967); Gaston v. Pittman, 224 So.2d 326 (Fla. 1969); Orefice v. Albert, 237 So.2d 142 (Fla. 1970). Its purpose is to protect family harmony and resources. The effect of the majority opinion is to dilute and compromise the doctrine. If the policy reasons which originally supported interspousal immunity are no longer valid, it is within the province of the Supreme Court to modify or abolish the doctrine. However, we do not have the authority to overrule this precedent established by the Supreme Court. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
NOTES
[1] The filing of an application pursuant to Fla. App. Rule 4.5(c)(6) by either party is necessary to invoke the jurisdiction of the Supreme Court of Florida. Gilliam v. Stewart, 291 So.2d 593.