ON REHEARING

PER CURIAM.
Upon due consideration of appellees’ petition for rehearing and upon further review of the record herein, we deny rehearing but conclude that the instant decision passes upon questions of great public interest which we herein certify to the Supreme Court, as follows:[1]
1. Can a lien for nonpayment of recreational lease fees be created prior to the establishment of a homestead merely by the filing of a Declaration of Restrictions which makes specific reference to the creation of such lien?
2. If the answer to this question is in the affirmative does the lien attach to the subject property upon such creation (and filing)?
3. Where the contract for the purchase and sale makes no reference to the existence of a lien for the nonpayment of recreational fees but subsequent to the execution of such Contract the Declaration of Restrictions is filed of record creating such lien, does such lien automatically attach to the subject property at the time of such recor-dation or does such lien attach at the time of closing and execution of a deed of transfer where such deed makes reference for the first time to the questions of the prior recorded Declaration of Restrictions?
4. If the lien does not attach to the subject property until the time of the closing and execution of the deed of transfer because the deed makes reference for the first time to the existence of such lien, will such lien be subservient to the homestead on the theory that the homestead was established simultaneous with the attachment of the lien?
5.In light of the recent decision of the Supreme Court of Florida in Avila South Condominium Ass’n v. Kappa Corporation, 347 So.2d 599 opinion filed March 31, 1977, concluding in part that “[i]n order to avail himself of the homestead exemption, however, a debtor must establish the homestead character of his property as of the time the lien attaches” and with particular reference to the pleadings and proof herein, what essential factors should the pleadings and proof reflect in order for the homestead right to have been established simultaneously with the attachment of a lien for nonpayment of recreational lease fees?
MAGER, C. J., DAUKSCH, J., and WEAVER, SIDNEY M., Associate Judge, concur.

. The filing of an application pursuant to Fla. App.Rule 4.5(c)(6) by either party is necessary to invoke the jurisdiction of the Supreme Court of Florida. Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977); Gilliam v. Stewart; 291 So.2d 593 (Fla.1974).