353 So.2d 137 (1977)
The FIRESTONE TIRE AND RUBBER COMPANY, Appellant,
v.
THOMPSON AIRCRAFT TIRE CORPORATION et al., Appellees.
No. 76-1561.
District Court of Appeal of Florida, Third District.
November 22, 1977.
Rehearing Denied January 4, 1978.
*138 Preddy, Kutner & Hardy and Glenn P. Falk, Miami, for appellant.
Talburt, Kubicki & Bradley and Robert Dickman, Jeanne Heyward, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an appeal by Firestone Tire and Rubber Company, third party plaintiff, from a summary final judgment in favor of Thompson Aircraft Tire Corporation, third party defendant. Firestone also appeals the trial court's denial of its motion for leave to amend its complaint and of its petition for rehearing on the summary judgment.
The primary issue presented is whether or not a third party tortfeasor has any cause of action against an employer who has provided the benefits of Workman's Compensation coverage to his injured employee. Because a cause of action may exist on the facts presented, and because the facts material to this cause of action remain disputed at this point, we partially reverse the summary judgment.
Appellant Firestone was sued by Peter Belokur, an employee of Thompson who was covered by Workman's Compensation for injuries sustained during the course of his employment. Belokur was hurt when baskets of raw rubber fell on him as he stood near the fork lift which was unloading them. The baskets were owned by Firestone; the fork lift was operated by another employee of Thompson. Belokur's suit against Firestone alleged, among other things, that his injuries were caused by Firestone's negligence in loading or securing the baskets for shipment, and in failing to warn the carrier of the dangers of stacking the baskets too high. Firestone denied stacking the baskets. The record reveals disputed facts as to whether the actions of Thompson's employee in operating the fork lift were the sole or primary cause of Belokur's injury, or whether a defect in the quality or loading of the baskets may have caused the accident.
Firestone filed a third party claim against Thompson, alleging that Belokur's injuries were caused solely by the negligence of Thompson's employees or agents, and that Thompson alone should be liable. Firestone's original third party complaint did not assert specifically that its negligence, if any, was only passive.
Thompson answered in turn, denying any negligence, and stating that no right to indemnity existed between Firestone and *139 Thompson because Firestone was guilty of primary and active negligence; that the Workman's Compensation Act bars third party tortfeasors from prosecuting an action against employers covered by the Act; and that the Uniform Contribution Among Tortfeasors Act barred Firestone's right to contribution because it had not discharged any common liability with appellee.
Subsequently, Thompson moved for summary judgment. At the hearing on this motion, Firestone made an oral motion for leave to amend its complaint to state more clearly its contention that, although it was not negligent, if any negligence were to be found on its part, such negligence was purely passive. Firestone made it clear that its purpose in seeking the amendment was to preserve its right to seek indemnity. Thompson reasserted its contention that the Workman's Compensation Act barred prosecution of any claim against it by Firestone.
Leave to amend was denied, and summary judgment was granted in favor of Thompson. Firestone then filed contemporaneous written motions for leave to amend and for rehearing on the summary judgment. The motions were denied. This appeal followed.
Appellant asserts it has potential causes of action against appellee on two theories: contribution and indemnity. It is imperative to the resolution of this case to distinguish between the two. Contribution is partial payment made by each or any jointly or severally liable tortfeasors who share a common liability to an injured party. Indemnification is an equitably imposed shifting of the entire burden of loss from one tortfeasor who has been compelled to pay it, to another whose active negligence is the primary cause of the injured party's harm. Cf. Stuart v. Hertz Corporation, 302 So.2d 187, at 190-91 (Fla. 4th DCA 1974). See generally, 31 U.Miami L.Rev. 1283, at 1314-22 (1976).
We consider first whether a third party tortfeasor is entitled to contribution from an employer who has provided Workman's Compensation benefits to his injured employee. The Uniform Contribution Among Tortfeasors Act[1] provides that contribution is available to a jointly or severally liable tortfeasor who has paid more than his pro rata share of a common liability. The Workman's Compensation Act[2] provides that the liability of an employer who has supplied coverage to his employee is "exclusive and in place of all other liability of such employer to any third party tortfeasor... ."
The rule is nearly uniform among the states that, notwithstanding the existence of a Uniform Contribution Among Tortfeasors Act, a third party tortfeasor is not entitled to contribution from an employer whose negligence concurred in causing the injury of an employee when such injury is compensable under the applicable Workman's Compensation Act. See 53 A.L.R.2d 977, at 985 (1957). The rationale for the denial of a right to contribution in favor of a third party tort feasor is that the employer and the third party are not under a common liability to the injured person since the employer's liability is both imposed and limited by the Act, while that of the third party tortfeasor rests on principles of negligence. Id. at 980.
We therefore hold that summary judgment was properly rendered as to this issue, and appellant is not entitled to contribution from appellee because the parties do not share a common liability to the injured employee.[3]United Gas Pipeline Company v. Gulf Power Company, 334 So.2d 310 (Fla. *140 1st DCA 1976), cert. denied, 341 So.2d 1086 (Fla. 1976).
The situation differs, however, where indemnity is concerned. Instead of resting on principles of common liability, the equitable doctrine of indemnity is predicated on the distinction between primary (active) and secondary (passive) liability between parties whose negligence is not coequal. In other words, the basis for indemnity lies in the relationship between the tortfeasors themselves, not on their common liability to the injured party. Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932), Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45, at 49-50 (Fla. 1st DCA 1963), modified sub nom Winn-Dixie Stores, Inc. v. Pepsi Cola Bottling Company of Jacksonville, Inc., 160 So.2d 102 (Fla. 1964). See also Stuart v. Hertz Corporation, supra, at 190-01.
The Uniform Contribution Among Tortfeasors Act specifically states that "this act does not impair any right of indemnity under existing law,"[4] and the right of a passive tortfeasor to cross claim against an active tortfeasor is well established in Florida. See Winn-Dixie Stores, Inc. v. Fellows, supra; Peoples Gas System, Inc. v. B & P Restaurant Corp., 271 So.2d 804 (Fla. 3d DCA 1973); Maybarduk v. Bustamante, 294 So.2d 374 (Fla. 4th DCA 1974); Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976).
Thus, as long as the provisions of Section 440.11(1) do not bar his claim, appellant could state a cause of action in indemnity if the disputed facts were viewed most favorably toward him. Since this is an appeal from a summary judgment, Firestone is entitled to this advantage. Armor Elevator Company, Inc. v. Elevator Sales and Service, Inc., 309 So.2d 44 (Fla. 3d DCA 1975).
In Sunspan Engineering & Construction Company v. Spring-Lock Scaffolding Company, 310 So.2d 4 (Fla. 1975), the supreme court held that a third party action against an employer whose injured employee had received Workman's Compensation benefits is not barred by the provisions of Section 440.11(1). It found the statute unconstitutional as applied to a situation precisely akin to the case sub judice. The rationale was that a third party tortfeasor should be entitled to file a third party complaint for indemnification against an actively negligent employer because a statute cannot abolish a right of action without providing a reasonable alternative to protect the people's rights to access to the courts and to equal protection of the law.
Whether a party is actively or passively negligent is a question of fact to be resolved by the trier of fact. People's Gas System, Inc. v. B & P Restaurant Corp., supra; Maybarduk v. Bustamante, supra; Florida Power Corporation v. Taylor, supra. The record shows disputed facts on this issue. Thus summary judgment was improperly rendered as to Firestone's right to seek indemnity.
Moreover, Firestone, as third party plaintiff, is not "locked in" by the allegations of Belokur's complaint. Central Truck Lines, Inc. v. White Motor Corporation, 316 So.2d 579 (Fla. 3d DCA 1975); Crawford Door Sales Company, Inc. v. Donahue, 321 So.2d 624 (Fla. 2d DCA 1975); Bodin Apparel, Inc. v. Superior Steam Service, *141 Inc., 328 So.2d 533 (Fla. 3d DCA 1976). He may still allege in his third party complaint that he is but a passive tortfeasor.
The court's refusal to allow Firestone to so amend was particularly prejudicial in light of this court's ruling in Armor Elevator, supra, that a third party plaintiff who was sued as an active tortfeasor could not claim indemnity from the employer without alleging that it was only passively negligent.[5] It is well established that leave to amend should be freely given, the more so when a party seeks such a privilege at a hearing on a motion for summary judgment, Haag v. Phillips, 333 So.2d 507 (Fla. 2d DCA 1976), and when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought. Knipp v. Weinbaum, 351 So.2d 1081 (Fla. 3d DCA 1977).
We affirm the summary judgment as to contribution, but reverse as to indemnity and the right to amend third party plaintiff's complaint.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinions expressed herein.
NOTES
[1] § 768.31, Fla. Stat. (Supp. 1976).
[2] § 440.11(1), Fla. Stat. (Supp. 1976).
[3] We have not failed to consider appellant's argument that a recent decision of the Fourth District supports his position that contribution should be allowed despite the immunity provided by § 440.11(1).

In Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977), our sister court held that the common law doctrine of inter-spousal immunity does not preclude contribution among joint tortfeasors when the tortfeasor from whom contribution is sought is the spouse of the injured party who recovered damages from the first tortfeasor. The policy behind this decision was that the common law doctrine of inter-spousal immunity should not be allowed to abrogate the intention of the legislature which enacted the Uniform Contribution Among Tortfeasors Act to apportion burden commensurate with responsibility among joint tortfeasors.
Appellant's argument is inapt because we do not here consider a common law doctrine. Rather we construe two legislative pronouncements, one of which limits liability under specific circumstances while the other uniformly has been construed as not conflicting with its provisions. (See discussion above.) The Paoli Court treated a traditional common law concept of judicially created immunity which is arguably more amenable to change by the judiciary as the requirements of the times may dictate. Moreover, in reaching the conclusion it did, that court aimed at compliance with the intent of the legislature, just as we do here.
We note in passing that, because the decision in Paoli conflicts with that in Mieure v. Moore, 330 So.2d 546 (Fla. 1st DCA 1976), upholding inter-spousal immunity in the face of the Uniform Act, the question presented has been certified to the supreme court.
[4] § 768.31(2)(f), Fla. Stat. (Supp. 1976).
[5] We note that Armor is clearly distinguishable from the instant case in that the third party plaintiff therein made no attempt to amend his complaint, but instead predicated his claim for indemnity on the fact that both he and the third party defendant were actively negligent but it was third party defendant's negligence which caused decedent's harm.