357 So.2d 257 (1978)
HART PROPERTIES, INC., et al., Appellants,
v.
EASTERN ELEVATOR SERVICE CORP. et al., Appellees.
No. 77-76.
District Court of Appeal of Florida, Third District.
April 11, 1978.
*258 Corlett, Merritt, Killian & Sikes, and Greene & Cooper, Miami, for appellants.
Adams, George, Lee & Schulte and Amy Shield Levine, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellants, Hart Properties, Inc., and its insurer Calvert Fire Insurance Company, defendants and third party plaintiffs below, bring this appeal from an order entered by the trial court dated December 9, 1976, dismissing with prejudice their third party complaint against appellees, Eastern Elevator Service Corporation and its insurer Travelers Insurance Company, third party defendants below.
William Goldstein, plaintiff below, not a party herein, filed a complaint against Hart Properties, Inc. [hereinafter referred to respectively as Hart and Calvert]. The complaint alleged, among other things, that Hart was the owner of the Castaways Hotel; that plaintiff was a guest in the hotel; that Hart negligently maintained an elevator on the premises; and that plaintiff was injured when he became trapped in the elevator for an extended period. The complaint also alleged that Hart knew or should have known of the latent peril created by the negligently maintained elevator.
Subsequently, Hart and Calvert filed a third party complaint seeking indemnity or contribution from Eastern Elevator Service Corporation and Travelers Insurance Company [hereinafter referred to respectively as Eastern and Travelers]. They alleged that Hart had a written service and maintenance contract with Eastern in which Eastern agreed to maintain the elevator, which injured the plaintiff, in good condition. A copy of the contract was attached to the third party complaint. Appellants further alleged that Eastern was actively negligent in failing to use reasonable care, as required by the contract, in maintaining the elevator. Also, appellants alleged that, if Hart were negligent at all, it was only passively negligent as the owner of the premises. Based on these facts, appellants sought indemnity or contribution from appellees for the amount of any judgment entered against them pursuant to the plaintiff's complaint.
Eastern moved to dismiss the third party complaint on the ground that the service and maintenance contract specifically excluded any indemnification to appellants for any injuries or damages arising from the use of the elevator. From the trial court's order dismissing the third party complaint with prejudice, appellants bring this appeal.
Appellants' primary point on appeal is that the trial court erred in dismissing the third party complaint with prejudice because it stated a cause of action for common law indemnity or contribution which was not barred by any provision in the agreement between Hart and Eastern. On the other hand, appellees contend basically that, by virtue of the terms of the agreement, appellants are barred in seeking indemnity or contribution from them and, accordingly, the trial court properly dismissed the third party complaint with prejudice.
We have carefully reviewed the provisions of the agreement and have concluded that they are not specific enough to determine that Eastern meant to excuse itself from indemnity for acts of its own negligence. Compare University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973). We note that such agreements are not looked upon with favor. See Nat Harrison Associates, Inc. v. Florida Power & Light Co., 162 So.2d 298 (Fla. 3d DCA 1964). Further, it is well established in Florida that when the active or primary negligence of one tort feasor and the passive or secondary negligence of another tort feasor combine to proximately cause an injury to a third party, the passively negligent tort *259 feasor is entitled to indemnity from the actively negligent one. See, e.g., Florida Power Corp. v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976); GACL, Inc. v. Riviera Tile and Terrazo Company, 300 So.2d 39 (Fla. 3d DCA 1974); Maybarduk v. Bustamante, 294 So.2d 374 (Fla. 4th DCA 1974); and Peoples Gas System, Inc. v. B & P Restaurant Corp., 271 So.2d 804 (Fla. 3d DCA 1973). Accordingly, because the terms of the agreement involved do not preclude a cause of action for appellant's claims of common law indemnity or contribution, which are adequately set forth in the third party complaint, we hold that the trial court erred in dismissing the third party complaint with prejudice. Therefore, the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.