PER CURIAM.
The judgment and orders under review in these consolidated appeals are affirmed with one exception. Our examination of the record reveals that Metropolitan Dade County’s liability to the plaintiffs could have been predicated only on its ownership of the escalator in question, there being no proof of any fault on the part of the County which played any role in causing the plaintiffs’ injuries. Under these circumstances, the trial court erred in failing to direct a verdict in the County’s favor, and to enter judgment thereon, on the County’s third-party claim for indemnity against Westinghouse Electric Corporation, an independent contractor hired to discharge the County’s duty to maintain the escalator in a reasonably safe condition. See Westinghouse Electric Corporation v. J. C. Penney Company, 166 So.2d 211 (Fla. 1st DCA 1964). See also Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Mortgage Guarantee Insurance Corporation v. Stewart, 427 So.2d 776 (Fla. 3d DCA 1983); Hart Properties, Inc. v. Eastern Elevator Service Corp., 357 So.2d 257 (Fla. 3d DCA 1978).
Affirmed in part; reversed in part and remanded with directions to enter judgment for Metropolitan Dade County on its indemnity claim against Westinghouse Electric Corporation.