450 So.2d 554 (1984)
ROBERT L. TURCHIN, INC., Appellant,
v.
GELFAND ROOFING, INC., Trop-X Corporation, Sam Bloom Plumbers, Inc., Napoleon Steel Contractors, Inc., Cather Industries, Inc., Warren Jones & Warren, Inc., and A.C. Electric Company of Florida, Inc., Appellees.
Nos. 83-792, 83-1354 and 83-1693.
District Court of Appeal of Florida, Third District.
May 1, 1984.
As Clarified on Denial of Rehearing June 12, 1984.
*555 Greene & Cooper and Joan M. Bolotin; Walter C. Kovner and Edward S. Kaplan, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Richard A. Sherman, Miami, Lowndes, Drosdick, Doster & Kantor and Timothy J. Manor and Alice Blackwell White, Orlando, Johnson & Bakst, West Palm Beach, and Wesley A. Lauer, Miami, Sherman W. Crawford, Coral Gables, Pyszka & Kessler and Phillip D. Blackmon, Miami, Bedzow & Korn and Alan J. Kan, North Miami, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
In these consolidated appeals, we reverse the dismissals or adverse judgments on the pleadings of seven third-party complaints and remand for further proceedings consistent with the views expressed herein.
A condominium association and individual unit owners brought an action against the developer of a condominium building and Turchin, the general contractor, alleging negligence and breach of warranty in the construction of the building. Turchin filed third-party actions against seven subcontractors of the condominium project, the seven appellees. The third-party complaints sought contribution under section 768.31, Florida Statutes (1981), if it were found that active negligence of the subcontractors combined with active negligence of Turchin or, in the alternative, indemnity if it were found that active negligence of the subcontractors resulted in vicarious liability on Turchin's part.
Turchin, asserting that it had acted only as the developer's agent in acquiring the services of the subcontractors and therefore, as a matter of law, was not liable to the condominium unit owners and association for any negligence attributable to the subcontractors, then moved for a summary judgment on the primary claim. The trial court denied the motion "because there is a question of fact on the issue as to whether ... [Turchin] was an agent of" the developer.
The subcontractors filed motions either for dismissal or a judgment on the pleadings of the third-party complaints. A successor judge granted each of the motions upon a finding that the third-party complaints and their attached exhibits "clearly indicate on their face that ... all contracts executed by the aforementioned Third-Party Defendant corporations were executed by and between them and Robert L. Turchin, Inc. acting only as an agent for" the developer.
Turchin's quandary, quite simply, is that by the appealed orders Turchin has been precluded from seeking contribution or indemnification from the subcontractors because the trial court concluded that Turchin, as a matter of law, was merely an agent of the developer, who would, therefore, *556 be the party potentially liable for negligence attributable to the subcontractors; yet Turchin may ultimately find itself liable to the condominium unit owners and association for any negligence attributable to the subcontractors because the trial court, in an interlocutory order, could not conclude as a matter of law that Turchin was an agent of the developer.
In appealing the trial court's dismissals and adverse judgments on the pleadings of the third-party complaints, Turchin argues that in each of its third-party complaints it alleged sufficient facts entitling it to contribution or indemnity to be allowed an opportunity to prove the truth of the allegations. We agree.
In ruling upon a motion to dismiss, all allegations in the complaint must be accepted as true, with the fundamental question being whether a cause of action would be established by proving such allegations. Copeland v. Celotex Corp., 447 So.2d 908 (Fla. 3d DCA 1984). Similarly, in ruling on a defendant's motion for a judgment on the pleadings all allegations in the complaint must be accepted as true and all allegations in the answer, which are automatically denied, must be accepted as false, the fundamental question again being whether a cause of action would be established by proving the plaintiff's allegations. Butts v. State Farm Mutual Automobile Insurance Co., 207 So.2d 73 (Fla. 3d DCA 1968). A party seeking contribution need only allege facts showing that the negligence of the party from whom he seeks contribution combined with his own to cause the damage for which the plaintiff seeks recovery. See Florida Rock & Sand Co. v. Cox, 344 So.2d 1296 (Fla. 3d DCA 1977). A party seeking indemnity need only allege facts showing that he was not actively negligent but is potentially only vicariously, constructively, derivatively or technically liable and that the duty he allegedly breached was actually the duty of another who breached that duty. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979).
The operative facts considered in the summary judgment proceedings on the primary claim and pled in the third-party complaints are essentially the same and it is fatally inconsistent, potentially to Turchin but ultimately to the orders under review, for the trial court to have reached the conclusion it did. Turchin cannot be an agent as a matter of law but at the same time possibly not an agent as a matter of fact.
Reversed and remanded for further consistent proceedings.