PER CURIAM.
Following the opinion and decision of this court on a prior appeal in this matter, found in Robert L. Turchin, Inc. v. Gelfand Roofing, Inc., 450 So.2d 554 (Fla. 3d DCA 1984), the matter recurred in the trial court for a trial on the case in chief between the original plaintiffs and the developer, Vernon Zuckerman, and the contractor, Robert L. Turchin, Inc. The jury rendered a verdict finding that Turchin’s negligence damaged the plaintiff in the amount of $1,766,340.00 and finding no liability on the developer. Final judgment thereon was duly entered. Thereafter, the appel-lees, Cather Industries, Inc., Sam Bloom Plumbers, Inc., Trop-X, Corporation, and Gelfand Roofing, Inc., (who had been named as third-party defendants) moved for summary judgment on the defendant Turchin’s third-party claim against them for contribution and indemnity. They contended that Turchin was not entitled to *1180 indemnity, having been found actively negligent, and could not recover contribution because, although a joint tortfeasor under the allegations of the original complaint, he was guilty of a violation of a fiduciary duty. Section 768.31, Florida Statutes (1983).[1] This appeal ensued.
We affirm the summary judgment as to the indemnity count. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Miami Elevator Company v. La Concha Motor Inn, 462 So.2d 511 (Fla. 3d DCA 1985); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980). We reverse the summary judgment as it relates to the contribution count. The violation of a fiduciary duty, if any, would have been to the developer and not to the original plaintiffs and therefore we do not find the provisions of Section 768.31, Florida Statutes (1983) applicable and we return the matter to the trial court for the purpose of determining the contribution issues.
Affirmed in part, reversed in part with directions.

. § 768.31, Fla.Stat. (1983) reads in part as follows:
"768.31. Contribution among tortfeasors.—
(1) SHORT TITLE. — This act shall be cited as the 'Uniform Contribution Among Tortfeasors Act.'
(2) RIGHT TO CONTRIBUTION.—
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property ...
******
(g) This act shall not apply to breaches of trust or of other fiduciary obligation."