ON MIDSOUTH’S AND WESTERN WATERPROOFING’S MOTIONS FOR REHEARING
PER CURIAM.
Appellees MidSouth and Western Waterproofing (subcontractors), in their motions for rehearing, argue that we overlooked the last portion of the indemnity clause, which states, “[P]rovided, however, this paragraph shall not apply to claims, ... based upon the negligence or alleged negligence of the ... [subcontractor] except in connection with their general supervision of the work performed by the subcontractors” (emphasis supplied), as furnishing support for their interpretation of the clause that it does seek to indemnify the general contractor from its own negligence. A literal reading of Section 725.06 requires us, according to the subcontractors, to apply the statute to the clauses at issue, since the statute on its face applies broadly to one seeking indemnity from its own negligence. Therefore, the subcontractors contend the clauses at issue are void as they do not contain either a monetary limitation or specific consideration, as required by section 725.06.
If we were to accept these arguments, the result would be, despite the parties’ voluntary agreements, to deny the contractor his contractual remedy of idemnifieation because the contract does not contain either of the statutory conditions. We decline to construe the contracts at bar along the lines argued by subcontractors. Rather, we regard the contractual clause on review, as limited to the issue of whether the lower court correctly dismissed appellant’s complaint for indemnity, as susceptible to the interpretation that the contract calls for the subcontractors to indemnify the general contractor in situations only where the latter is vicariously negligent. A pertinent portion of one of the clauses at issue illustrates our position:
The subcontractor shall assume the defense of and indemnify ... the contractor ... from all ... liability ... resulting from the performance or failure to perform the work by the subcontractor, provided, however, this paragraph shall not apply to claims, liability, ... based upon the negligence of the aforesaid indemnities except in connection with their general supervision of the work performed by the Subcontractor.
(emphasis supplied)
From our reading of the above clause, it is impossible to ascertain whether Tuttle, the general contractor, sought to have itself indemnified for its own active or derivative negligence, caused by a breach of its affirmative duty to supervise all construction work. If it sought the former, clearly it would be barred by the provisions of section 725.06, because it did not comply with the statutory conditions. If the latter, then it is, under our view, entitled to indemnity. In fact, appellant’s final amended third-party complaint, while alleging certain counts predicated on contractual indemnity, tracked the language of common law indemnity. For example, pertinent allegations in count I of appellant’s amended complaint are as follows:
*167 19. That if the defects and damages alleged in the [Plaintiffs] Amended Complaint exist, said defects and damages resulted solely from the breach of said duty and the poor workmanship and use of defective materials of WESTERN (to wit: irregularities and defects in the placement, length, and installation of weep holes or drainage tubes and in the quantity, quality, and installation of the sealant and caulking of the gasket joints and precast panels), and its failure to complete its work in accordance with said plans and specifications, said defective performance occurring between September 2, 1975, and the completion date of WESTERN’S work, said date not now known to FEDERAL but known to WESTERN.
20. That if the defects and damages alleged in the Amended Complaint exist, this Defendant may be liable to Plaintiff for resulting damages if it is found that the alleged defects and damages constitute a breach of TUTTLE’S contract with Plaintiff.
21. That any such liability will be vicarious, constructive, derivative, or technical, and the damages alleged in Plaintiff’s Amended Complaint are the result of WESTERN’S breach of duty as alleged above.
(emphasis supplied) If, for example, a later set of facts reveals that Tuttle was on actual — as opposed to constructive — notice of the defects, which it alleged were the proximate cause of the resulting injuries to the original plaintiff, appellant would be considered actively negligent, and therefore barred from indemnification. See Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla. 1st DCA 1963), as modified, Winn-Dixie Stores, Inc. v. Pepsi-Cola Bottling Co. of Jacksonville, 160 So.2d 102 (Fla.1964); Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976).
It is hornbook law that in ruling upon a motion to dismiss all well-pleaded facts must be accepted as true, “[w]ith the fundamental question being whether a cause of action would be established by proving such allegations.” Robert L. Turchin, Inc. v. Gelfand Roofing, Inc., 450 So.2d 554, 556 (Fla. 3d DCA 1984). Moreover, a party seeking indemnity need only allege facts showing that he was not actively negligent but is potentially only vicariously, constructively, derivatively or technically liable, and that the duty he allegedly breached was actually the duty of another who breached that duty. Id.
To conclude, we are of the view that the appellant’s amended complaint, and the contracts attached thereto, sought indemnification for only the contractor’s derivative negligence. Accordingly, by reason of the interpretation we have placed upon the contracts, we regard the complaint as having stated a cause of action and deny the motions for rehearing.
ERVIN, JOANOS and BARFIELD, JJ., concur.