PER CURIAM.
We reverse the order of the trial court entering final judgment on the pleadings in favor of Robert L. Parkins. In considering Parkins’ motion for judgment on the pleadings, the trial court was required to accept as true the allegations set forth by Continental, the nonmoving party, and to regard as false the contrary assertions of Parkins. Judgment on the pleadings was proper only if, on the undisputed facts, the trial court could have concluded that Parkins was entitled to judgment as a matter of law. Robert L. Turchin, Inc. v. Gelfand Roofing, Inc., 450 So.2d 554 (Fla. 3d DCA), rev. dismissed, 453 So.2d 1365 (Fla.1984); City of Miami v. J. C. Vereen & Sons, Inc., 359 So.2d 533 (Fla. 3d DCA 1978). Here Continental specifically alleged compliance with section 627.426, Florida Statutes (1985). The court was obliged to credit Continental’s alleged compliance with the statute and to disregard Parkins’ allegations of noncompliance. Because the issue of compliance cannot be resolved solely on these pleadings, judgment on the pleadings was improper. See Krieger v. Ocean Props., Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980).
The order of the trial court is, therefore,
REVERSED.