JORGENSON, Judge,
dissenting.
I respectfully dissent. In my view, the final judgment in favor of the hospital represents a misapplication of the law of indemnity and contribution.
Indemnity is a right “which inures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other.” Stuart v. Hertz Corp., 351 So.2d 703 (Fla.1977). In order to sustain an action for indemnity, the party seeking indemnity must establish that the indemni-tee was faultless and that the indemnitor was at fault. Houdaille Inds., Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, 385 So.2d 676 (Fla. 3d DCA 1980). Here, the indemnitee, the hospital, was sued solely for passive negligence. Moreover, the parties stipulated that Dr. Loredo was not an employee of the indemnitor, Findeiss, but was an independent contractor. Findeiss never exercised control over Dr. Loredo’s professional judgment. In view of the arrangement between Findeiss, Dr. Loredo, and the hospital, it is clear that neither party to this action was an active tortfeasor. Therefore, no cause of action for indemnity against Findeiss can be sustained on these facts.
The hospital’s contention that the nondel-egable duty exception to the indemnity rule, see Mills v. Krauss, 114 So.2d 817 (Fla. 2d DCA 1959) (defense in indemnity action that independent contractor’s negligence cannot be imputed to principal not applicable where principal holds himself out to plaintiff as primary purveyor of goods or services), cert. denied, 119 So.2d 293 (Fla.1960), applies here is without merit. The only duties imposed upon Findeiss with respect to the hospital were to supply, schedule, and compensate emergency room physicians. The hospital specifically reserved the right to assess the competence of physicians presented by Findeiss through control of the credentialling process. The hospital also held itself out to the public as the purveyor of emergency medical care. Accordingly, on these facts Findeiss did not have a nondelegable duty to supply nonnegligent medical treatment in this case.
I would likewise conclude that the hospital is not entitled to contribution from Fin-deiss. A party seeking contribution must “allege facts showing that the negligence of the party from whom he seeks contribution combined with his own to cause the damage for which the plaintiff seeks recovery.” Robert L. Turchin, Inc. v. Gelfand Roofing, Inc., 450 So.2d 554 (Fla. 3d DCA) (citation omitted), rev. dismissed sub nom, Napoleon Steel Contractors, Inc. v. Gelfand Roofing, Inc., 453 So.2d 1365 (Fla.1984). Section 768.31, Florida Statutes (1989), Florida’s Contribution Among Tort-feasors Act, explains that “[t]he right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability ... [and] [no] tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.” § 768.31(2)(b), Fla.Stat. (1989). “In determining the pro rata shares of tortfeasors in the entire liability, their relative degrees of fault shall be the basis for allocation of liability, and if equity requires, the collective liability of some as a group shall constitute a single share.” § 768.31(3), Fla.Stat. (1989).
In order to prevail on a contribution claim under the statute, it must be proven that there was a common liability; both parties must have been negligent. West American Ins. Co. v. Yellow Cab Co., 495 So.2d 204 (Fla. 5th DCA 1986), rev. denied, 504 So.2d 769 (Fla.1987). Lincenberg v. Issen, 318 So.2d 386, 393 (Fla.1975), the case relied on by the majority, interprets the statute as treating common liability arising from vicarious relationships as a single share for contribution purposes. However, Findeiss was not vicariously at fault in this case. As stated previously, Dr. Loredo was an independent contractor over whom Findeiss exercised no control.
Additionally, Findeiss cannot be held liable for contribution beyond its pro rata *1306 share of liability. See § 768.31(2)(b), Fla. Stat. (1989). Findeiss has already paid the plaintiff $45,833.33 for Dr. Loredo because his insurance carrier was not able to pay. Under the terms of the statute, Findeiss cannot be compelled to pay more.
I would reverse.