PER CURIAM.
Lightspeed of Miami, Inc., an on-premises photo processing business, appeals summary judgment in favor of WRC Properties, Inc., in a breach of lease action, and appeals the dismissal of its complaint against Jack Eckerd Corporation in a tor- *630 tious interference action. We reverse both the summary judgment and the dismissal of the complaint.
Lightspeed initially sued WRC, its landlord, claiming a breach of Lightspeed’s lease because WRC had allowed Eckerd to begin doing on-premises photo processing in competition with Lightspeed. The trial court granted summary judgment for WRC. However, the trial court did not consider what Eckerd’s rights were under its own lease with WRC. Therefore, the trial court could not have considered whether WRC’s actions, in allowing Eckerd to do on-premises processing, were viola-tive of Lightspeed’s lease. Because Eck-erd’s lease was not considered, we conclude that a genuine issue of material fact exists which precludes summary judgment, and reverse the summary judgment granted in favor of WRC. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Baad v. Security Ins. Co. of Hartford, 606 So.2d 451 (Fla. 3d DCA 1992).
Furthermore, since the terms of Eckerd’s lease were not considered, it was impossible for the trial court to conclude from Lightspeed’s complaint that Eckerd was justified in competing with Lightspeed. Consequently, Lightspeed did not fail to state a cause of action for tortious interference against Eckerd, and we reverse the dismissal of Lightspeed’s complaint against Eckerd. See Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985); Continental Ins. Co. v. Parkins, 502 So.2d 524 (Fla. 3d DCA 1987).
Reversed.
FERGUSON and LEVY, JJ., concur.