353 So.2d 825 (1977)
Minnie Berger SHOR, and Allstate Insurance Company, a Foreign Corporation, Petitioners,
v.
Gerald PAOLI, Sweet & Blossom, Inc., and Fireman's Fund Insurance Company, Respondents.
No. 51915.
Supreme Court of Florida.
November 17, 1977.
Rehearing Denied January 27, 1978.
Marjorie D. Gadarian, of Jones, Paine & Foster, West Palm Beach, for petitioners.
Henry Burnett, of Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for respondents.
KARL, Justice.
This cause is before us on petition for writ of certiorari granted to review the *826 decision of the District Court of Appeal, Fourth District, reported at 345 So.2d 789 (Fla. 4th DCA 1977).
The District Court has certified the following question for our determination:
"Does the common law doctrine of interspousal immunity control over the uniform contribution among joint tortfeasors act (75-108 Laws of Florida, Section 768.31, Florida Statutes) to prevent one tortfeasor from seeking a contribution from another tortfeasor when the other tortfeasor is the spouse of the injured person who received damages from the first tortfeasor?"
We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner's husband, David Shor, was a passenger in a motor vehicle operated by petitioner when her automobile and a vehicle operated by respondent Paoli, owned by Sweet & Blossom, Inc., collided, causing David Shor to sustain personal injuries. Respondent sued petitioner, petitioner sued respondent, and David Shor, asserting a claim for personal injuries, intervened. The jury found Paoli 65% at fault, petitioner 35% at fault and awarded David Shor $12,000 against respondents. Respondents satisfied David Shor's judgment against them and, thereafter, sought contribution from petitioner as a joint tortfeasor. She defended on grounds of interspousal immunity. Finding that interspousal immunity barred the action for contribution, the trial court entered judgment in favor of petitioners.
The District Court of Appeal, Fourth District, reversed the judgment of the trial court and reasoned:
"The doctrine of family or interspousal immunity is based on the desirability of the preservation of the family unit. The law of contribution of joint tortfeasors is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury.
"In the case at bar it was determined that both Paoli and Shor caused the injury. Shor's husband collected 100% of his damages from Paoli. To say that Shor doesn't have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor. This is not a case where the husband sued the wife on account of her negligence so we are not doing any real damage to the doctrine. This is a case where the joint tortfeasor sued the joint tortfeasor and we are ruling in support of that statute."
We agree with the rationale of the District Court of Appeal and find that it has correctly answered the certified question in the negative. Insofar as Mieure v. Moore, 330 So.2d 546 (Fla. 1st DCA 1976), is inconsistent herewith, it is overruled.
Accordingly, we approve the decision of the District Court under review and discharge the writ.
It is so ordered.
ADKINS, Acting C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.