354 So.2d 430 (1978)
Ansel BLANTON, Appellant,
v.
Dorothy BLANTON, Individually, United States Fidelity & Guaranty Company, a Foreign Corporation, Licensed to Do Business in the State of Florida, Appellees.
No. 76-2678.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
Kenneth B. Swinger of Swinger & Beaver, Fort Lauderdale, for appellant.
William R. Hussey, Fort Lauderdale, for appellees.
ANSTEAD, Judge.
The appellant, Ansel Blanton, brought an action against his wife, Dorothy Blanton, and her insurance carrier, United States Fidelity & Guaranty Company, for damages arising out of the wife's alleged negligent operation of an automobile. The trial court dismissed the action under the doctrine of interspousal immunity. We affirm.
This court and the Florida Supreme Court have recently ruled that the doctrine of interspousal immunity will not bar an action by a third party against a claimant's spouse under the uniform contribution among joint tortfeasors act. Shor v. Paoli, 353 So.2d 825 (Opinion filed November 17, 1977); Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977). We held there at page 790:
To say that Shor doesn't have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor. This is not a case where the husband sued the wife on account of her negligence so we are not doing any real damage to the doctrine. This is a case *431 where the joint tortfeasor sued the joint tortfeasor and we are ruling in support of that statute.
In Paoli we recognized the viability of the interspousal immunity doctrine. The Supreme Court, in approving our decision, apparently also recognized the continued existence of the doctrine. The doctrine is still alive and well in Florida, and it bars a direct tort action between spouses. The trial court was correct in dismissing the action, and the order of dismissal is hereby affirmed.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.