369 So.2d 405 (1979)
3-M ELECTRIC CORPORATION, Appellant,
v.
Mario VIGOA and Maria Vigoa, Individually and As Parents and Next Friends of Jennifer Vigoa, a Minor, Appellees.
No. 77-2174.
District Court of Appeal of Florida, Third District.
April 3, 1979.
Haddad & Josephs and Michael Cohen, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant/defendant, 3-M Electric Corporation, seeks review of the trial court *406 order which effectuated dismissal with prejudice of its counterclaim against appellees. The allegations of the said counterclaim constitute an attempt to establish a right to contribution from the appellees/plaintiffs in a tort action. Mr. and Mrs. Vigoa, individually and as parents of their minor child, had named the instant party, an electrical sub-contractor, as a codefendant in a suit for injuries proximately caused by the alleged negligent failure to remove a piece of pipe protruding vertically from the ground[1] in the backyard of their recently constructed home; further allegations stated that there was no response to repeated requests for its removal[2] and appellees' minor child was injured when she fell on the pipe while playing in the backyard.
The appellant filed its answer and subsequently filed a third party complaint against Florida Power and Light Company and Metropolitan Dade County; a crossclaim against the general contractor; and a counterclaim against Mario and Maria Vigoa, the appellees herein, the parents of the injured minor child. The said counterclaim states that 3-M Electric has a right of contribution against the parents under § 768.31, Florida Statutes (1975) based upon the allegation that they negligently failed to adequately and reasonably care for, protect and supervise the minor child.
Appellant relies upon the rationale espoused in a recent Florida Supreme Court holding. In Shor v. Paoli, 353 So.2d 825 (Fla. 1978), the court upheld the trial court decision[3] that the common-law doctrine of interspousal immunity did not control over the Uniform Contribution Among Joint Tortfeasors' Act so as to prevent one tortfeasor from seeking contribution from another tortfeasor when the other tortfeasor was the spouse of the person injured in an auto accident who received damages from the first tortfeasor. Appellant quotes from Shor, supra., at 826:
"The doctrine of family or interspousal immunity is based on the desirability of the preservation of the family unit. The law of contribution of joint tortfeasors is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury ...
"[T]o say that Shor doesn't have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor. This is not a case where the husband sued the wife on account of her negligence so we are not doing any real damage to the doctrine. This is a case where the joint tortfeasor sued the joint tortfeasor and we are ruling in support of that statute."
A 1976 first district court of appeal case,[4] holding that contribution is not allowed from a joint tortfeasor who is immune from suit by the injured party due to the family immunity doctrine, was overruled in part by Shor, supra. However, the instant case remains within the parameters of the Mieure decision in regard to precluding contribution from the parents.[5] The doctrine, therefore, has not been abrogated, merely limited under certain circumstances.
The issue raised by the instant appeal is most directly addressed by a discussion of whether the minor child could conceivably have a cause of action in tort against the parents for alleged negligence. It is an *407 established principle that contribution among joint tortfeasors arises only when the plaintiff plausibly has a cause of action against all the tortfeasors who may be found to be jointly responsible for the loss or injury. Thus, the dispositive aspect of this cause depends upon the right of the child to recover from the parents  as contribution is generally not available where the "joint tortfeasor" against whom contribution is sought is immune from liability.[6]
In Florida the state of the law is such that based upon public policy reasons[7] a parent is immune from liability for unintentional or negligent personal torts that occur within the scope of domestic relations, Denault v. Denault, 220 So.2d 27 (Fla. 4th DCA 1969), and an infant may not sue his parents for bodily injury suffered by the child because of the parents' alleged negligence in failing to provide a safe place to play. Rickard v. Rickard, 203 So.2d 7 (Fla. 2d DCA 1967).[8]
We conclude that the parents herein cannot be considered "joint tortfeasors" since there is a lack of common liability between the parents and the defendants due to the family immunity doctrine.
Affirmed.
NOTES
[1] The pipe was part of a temporary electrical setup consisting of a wooden structure holding up an electrical meter, the pipe being the conduit for wire leading to the meter.
[2] The wooden structure and the electrical meter were removed, but the pipe was inexplicably left in the ground.
[3] Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977).
[4] Mieure v. Moore, 330 So.2d 546 (Fla. 1st DCA 1976).
[5] In fact, the interspousal immunity doctrine clearly remains viable as well. Blanton v. Blanton, 354 So.2d 430 (Fla. 4th DCA 1978). Related matter, see, Firestone Tire and Rubber Company v. Thompson Aircraft Tire Corporation, 353 So.2d 137 (Fla. 3d DCA 1977) and Seaboard Coast Line Railroad Company v. Smith, 359 So.2d 427 (Fla. 1978), dealing with the concept of contribution and the Workmen's Compensation Act, § 440.11, as it relates to employer immunity from tort liability.
[6] See, footnotes 4 and 5.
[7] That is, to protect family harmony and resources. Orefice v. Albert, 237 So.2d 142 (Fla. 1970).
[8] There is no dispute, however, that a child may maintain an action against parents with respect to contracts, wills, and other property. See generally, 41 A.L.R.3d 904.