PER CURIAM.
The question on this appeal is whether a family exclusion clause in appellant’s automobile liability insurance policy barred recovery of a third party contribution claim against its insured, a joint tortfeasor in an accident for which the contribution claimants had paid all of the damages. We hold that the clause could not validly bar recovery and affirm the trial court.
*167 The stipulated facts reveal that a two-car accident occurred between Lance Cunningham and Cammie Deese in July, 1976. Deese’s wife, Myrtis, was injured, and she brought a bodily injury action against Cunningham, his father (the owner of the car), as well as the father’s insurer, Government Employees Insurance Company (GEICO). The Cunninghams and GEICO counterclaimed against Cammie Deese and his insurer, Florida Farm Bureau, for contribution. A jury trial was held on liability and damages. Myrtis Deese’s damages were assessed at $25,000. Cunningham was found 90% negligent in the accident; Deese 10% negligent. GEICO paid the award to Mrs. Deese on behalf of the Cunninghams and pursued its contribution claim against Cam-mie Deese.
Florida Farm Bureau denied coverage, relying upon a family exclusion clause in its liability policy precluding coverage “to bodily injury or to death of the insured or any member of the family of the insured residing in the same household.” Florida Farm contends that such clauses have been upheld as valid in Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla.1977), and therefore the clause must be enforced as written to preclude coverage for injuries to Deese’s wife. Appellees reply that abrogation of the interspousal tort immunity doctrine for contribution claims in Shor v. Paoli, 353 So.2d 825 (Fla.1977), has undercut the policy reasons supporting such clauses and has in effect rendered them contrary to public policy.
We agree with appellees. First, it is apparent that the rationale urged by the court in Reid v. State Farm, supra, in support of family exclusion clauses — protection of the insurer from direct collusive lawsuits between family members — does not apply within the context of a third party contribution action against an insured who has been found responsible by a jury for a portion of his family member’s damages. Second, the consideration traditionally supporting interspousal immunity — to protect family harmony and resources — is similarly inapplicable in the third party contribution situation. Finally, it is clear from a reading of Shor v. Paoli, supra, that the common law doctrine of interspousal immunity does not control over the Uniform Contribution Among Tortfeasors Act to prevent one tort-feasor from seeking contribution from another tortfeasor when the other tortfeasor is the spouse of the injured person who received damages from the first tortfeasor. This aspect of the case is indistinguishable from Shor where the court emphasized the inequity of allowing a joint tortfeasor to be shielded from liability to another unrelated tortfeasor who has paid for 100% of the damages sustained in the accident.
We conclude that the trial court committed no error in granting appellees’ contribution claim against Deese for 10% of his wife’s damages despite the family exclusion clause in his automobile liability policy. Finding no direct controlling authority on the issue, however, we certify the following question to the Supreme Court of Florida to be of great public interest:
DOES A FAMILY EXCLUSION CLAUSE IN AN AUTOMOBILE LIABILITY INSURANCE POLICY CONTROL OVER THE UNIFORM CONTRIBUTION AMONG TORTFEASORS ACT TO PREVENT ONE TORTFEASOR FROM SEEKING CONTRIBUTION FROM ANOTHER TORTFEASOR WHEN THE OTHER TORTFEASOR IS THE SPOUSE OF THE INJURED PERSON WHO HAS RECEIVED DAMAGES FROM THE FIRST TORTFEASOR?
Our resolution of the question supports the trial court’s award of attorney’s fees to Deese against Florida Farm Bureau. The judgment is therefore affirmed in its entirety.
AFFIRMED.
MILLS, Acting C. J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.