DAUKSCH, Chief Judge.
This is an appeal from a summary judgment in a personal injury case. The issue in this case is the same issue decided in Florida Farm Bureau Insurance Company v. Government Employees Insurance Company, et al, 371 So.2d 166 (Fla. 1st DCA 1979); does a family exclusion clause in an automobile liability insurance policy prevent recovery by a joint tort-feasor through the Uniform Contribution Among Joint Tort-feasors Act, Section 768.31, Florida Statutes. We answer the question in accord with our sister court and reverse the summary judgment.
Briefly, the facts are that Barwick and Jones collided while both were driving their automobiles. Barwick’s wife was injured, so she sued Jones and won. Jones then sued Barwick and his insurer, State Farm Mutual Automobile Insurance Company, to require Barwick to contribute his share of the awarded damages. State Farm defended saying the policy between State Farm and Barwick excluded “. bodily injury to the insured, or any member of the *8 family of the insured residing in the same household as the insured.” Because of this exclusion in the policy, State Farm urges it should not have to pay for the injuries its insured’s wife suffered, directly or by contribution to the other tort-feasor.
As this author said in Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977) in language approved by our Supreme Court in Shor v. Paoli, 353 So.2d 825 (Fla.1977):
The doctrine of family or interspousal immunity is based on the desirability of the preservation of the family unit. The law of contribution of joint tortfeasors is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury. In the case at bar it was determined that both Paoli and Shor caused the injury. Shor’s husband collected 100% of his damages from Paoli. To say that Shor doesn’t have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor. This is not a case where the husband sued the wife on account of her negligence so we are not doing any real damage to the doctrine. This is a case where the joint tortfeasor sued the joint tortfeasor and we are ruling in support of that statute.
This court, along with the First District Court of Appeal in Florida Farm Bureau Insurance Company, supra, agrees with that reasoning and finds it applicable to these facts. Therefore, the policy exclusion for resident family members is not applicable in contribution cases.
The summary judgment is reversed and this cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
COBB and UPCHURCH, JJ., concur.