386 So.2d 607 (1980)
Donald WITHROW, Darnell Withrow and Cavalier Insurance Company, Appellants,
v.
Doris T. WOODS, and Government Employees Insurance Company, Appellees.
No. 79-1081/T4-556.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
*608 Cliff B. Gosney, Jr., and A. Craig Cameron of Gosney, Cameron, Parsons & Marriott, P.A., Daytona Beach, for appellants.
Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
ORFINGER, Judge.
Vicki Woods, a minor, was injured in an automobile accident while riding as a passenger in a car driven by her mother, Doris T. Woods, and insured by Government Employees Insurance Company (GEICO). Through her mother and next friend, she filed suit against Darnell Withrow, as operator, Donald Withrow, as owner, and Cavalier Insurance Company (Cavalier) as insurer of the other vehicle involved in the collision. Withrow and Cavalier filed a counterclaim against Doris T. Woods and GEICO alleging that Doris negligently caused the collision, and sought contribution.
During the proceedings, Cavalier paid Vicki $10,000, the full limits of the policy, and secured a release for itself and its insureds. Relying on section 768.31(2)(d), Florida Statutes (1979)[1], Woods and GEICO moved for a summary judgment because the settlement and consequent release had not extinguished their liability as required by that statute. The trial court agreed and entered a summary final judgment which is here appealed. We reverse.
Appellee defends the correctness of the trial court's ruling based on either of two positions: (1) Since there is no common liability between the tort feasors, there can be no right of contribution, and (2) Since the release given to Withrow and Cavalier did not release Woods, the requirement that the obligation of the joint tort feasor be discharged has not been complied with.
Under the doctrine of family or interspousal immunity, a minor child may not sue a parent nor may one spouse sue the other spouse for tort. Orefice v. Albert, 237 So.2d 142 (Fla. 1970). Interspousal immunity has now been held to provide no bar to an action for contribution against the spouse joint tort feasor. Shor v. Paoli, 353 So.2d 825 (Fla. 1977). There is no logical reason not to extend the application of this principal to parent/child situations because the entire family immunity doctrine arises out of the same principles of public policy. Orefice v. Albert, supra. The holding in Shor, did not affect the continuing vitality of the family immunity doctrine. Raisen v. Raisen, 379 So.2d 352 (Fla. 1979). We realize that one of our sister courts has refused to extend the Shor doctrine to a parent/child situation, 3-M Electric Corporation v. Vigoa, 369 So.2d 405 (Fla.3d DCA 1979), but we respectfully disagree with the conclusion in that case. It is impossible for us to say that the application of the family immunity doctrine depends on which members of the family are involved.
*609 In the light of the continued vitality of the family immunity doctrine, there was no need for appellants to extinguish the claim of Vicki Woods against her mother, because Vicki could not sue her mother for that tort, so a release would have been meaningless and superfluous. Consequently, the summary final judgment was erroneously entered and it is hereby reversed and the cause is remanded for further proceedings consistent herewith.
Pursuant to Rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure, March 27, 1980, we hereby certify this decision to be in direct conflict with the decision in 3-M Electric Corporation v. Vigoa, supra.[2]
REVERSED and REMANDED.
FRANK D. UPCHURCH and SHARP, JJ., concur.
NOTES
[1] § 768.31(2), Fla. Stat. (1979):

* * * * * *
(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable.
[2] Both parties have cited as supplementary authority the case of Quest v. Joseph, Case No. 78-2090 (Fla.3d DCA, May 20, 1980) which appears to recede from the Vigoa decision, but we have determined that the opinion is not yet final.