ORFINGER, Judge.
Burlie R. Brummitt, Sr. was killed when an automobile he was driving collided with a Seaboard train. His daughter Estelita was also killed and a son, Burlie, Jr., was injured. When suit was filed against Seaboard by Dulcie Corenia Brummitt individually and as personal representative of the estate of both decedents, and also as next friend of her minor son Burlie, Jr., Seaboard filed a counterclaim against Dulcie as personal representative of Burlie Brummitt, Sr.’s estate, and also filed a third party complaint against Hartford, seeking contribution from Hartford as Burlie, Sr.’s insurer, alleging that Burlie, Sr. was negligent and that such negligence proximately caused the accident. On motion of Hartford, the third party complaint was dismissed with prejudice and this appeal followed. We reverse.
The order dismissing the third party complaint does not state the grounds upon which it was based, so we must determine if any of the grounds stated in the motion will support the order. In so doing, we assume all facts in the third party complaint to be true. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956). One of the stated grounds in the motion to dismiss invokes the protection of the family immunity doctrine, but in a case not available to the trial judge at the time of the order appealed from, we have held that the decision of the Supreme Court in Shor v. Paoli, 353 So.2d 825 (Fla.1977), must be construed to permit an action for contribution against a parent as well as against a spouse. Withrow v. Woods, 386 So.2d 607 (Fla. 5th DCA 1980). The family immunity doctrine does not require a dismissal of the third party complaint here.
Those grounds which remain and which have not been withdrawn by appellee deal essentially with the form of the pleadings. Hartford is alleged to be the insurer of Burlie Brummitt, Sr. and Seaboard claims the benefit of that insurance as a third party beneficiary. This is sufficient to allege Seaboard’s standing and to show the proper joinder of Hartford. Bussey v. Shingleton, 211 So.2d 593 (Fla. 1st DCA 1968), aff’d, Shingleton v. Bussey, 223 So.2d 713 (Fla.1969); Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970) aff’d 237 So.2d 163 (Fla.1970). Hartford’s contentions that the coverage of the insurance policy was not sufficiently described nor was a copy of the policy attached will not support the dismissal of the third party complaint with prejudice, because if the policy exists, Hartford is a party to it and will have knowledge of its contents as well as its coverage. While it would have been better for Seaboard to allege that it did not have a copy of the policy, we do not feel that the failure to so allege is so prejudicial as to be fatal to the cause, under the circumstances of this case. Sachse v. Tampa Music Co., Inc., 262 So.2d 17 (Fla. 2d DCA 1972).
We find the remaining grounds of the motion insufficient to support the dismissal, so the final order dismissing the third party complaint is reversed and this cause is remanded to the trial court for further proceedings not inconsistent herewith.
REVERSED and REMANDED with directions.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.