EVANS, VERNON W., Jr., Associate Judge.
This is an appeal from an order dismissing with prejudice appellants’ claim for contribution in a personal injury case.
The defendant in the original action, Bruno Socha, began construction on a residence in Volusia County, Florida. Socha acted as his own contractor for this construction. The plans included a basement for which Socha employed Melvin A. Geist, d/b/a Mel’s Bulldozing, to do the excavation.
After initial excavation and construction of the concrete block basement walls, work began on the backfilling of the basement walls by Mel’s Bulldozing, the third party defendant. Apparently because of premature backfilling, one of the walls collapsed and crumbled on the basement floor. On August 26, 1976, the three minor plaintiffs, Jeff Geist, Darrell Geist and Gary Geist, were in the basement either playing or cleaning up the debris. While the three minor children of Melvin A. Geist were in the basement, another wall collapsed resulting in injury to these children. The resulting medical expenses had totalled almost $11,000.00 by July 27, 1978.
Suit was filed against the homeowners, Joan and Bruno Socha, by Melvin A. Geist, individually and as father and next friend of the children. The complaint alleged ordinary negligence, failure to provide a safe place to work and violation of section 450.-061, Florida Statutes (1975). The Sochas answered and filed a third party complaint against Mel Geist, d/b/a Mel’s Bulldozing, and Nationwide Mutual Fire Insurance Company. Nationwide was alleged to have issued insurance policies to the Sochas covering the alleged occurrence.
Prior to the January 15,1979 trial date, a settlement was reached between the Geist plaintiffs, the Sochas and Nationwide. Total payment was $75,000.00 to the plaintiffs, with a contribution of $20,000.00 by the Sochas and $55,000.00 by Nationwide. The Sochas then moved for court approval of the settlement and this motion was granted on January 29, 1979. Under the terms of the order payment to the plaintiffs was as follows: Melvin A. Geist, individually $5,000.00; Jeff Geist, $4,900.00; Gary Geist, $4,900.00; and Darrell Geist, $60,200.00.
Mel Geist, pursuant to letters of guardianship and court order, then executed releases in his individual capacity, and as father and next friend of Jeff Geist and Gary Geist and as guardian ad litem for Darrell *947 Geist. These releases pertained to all claims against the Sochas, Nationwide and Mel’s Bulldozing. Stipulations for dismissal with prejudice and orders thereon were then entered as to the claims of the plaintiffs against the Sochas and the Sochas against Nationwide.
The claim of the Sochas against Mel Geist, d/b/a Mel’s Bulldozing, remained pending. An amended third party complaint was filed on April 23, 1979, in which Nationwide joined as a third party plaintiff, and alleged that Mel Geist, d/b/a Mel’s Bulldozing, was negligent, that such negligence resulted in injury to the former plaintiffs, and that this negligence was a contributing or the sole proximate cause of the damages sustained by plaintiffs and paid by the Sochas and Nationwide. A subsequent amendment alleged that South Carolina Insurance Company insured Mel Geist, d/b/a Mel’s Bulldozing, for the negligence alleged in the amended third party complaint.
A motion to dismiss with prejudice with exhibits attached was filed on October 24, 1979. The court below, after hearing and taking the matter under advisement, entered an order dismissing the third party complaint with prejudice. This appeal ensued.
The right of appellants to seek contribution from Mel Geist, d/b/a Mel’s Bulldozing, and South Carolina Insurance Company is found in section 768.31(2), Florida Statutes (1977), as construed, in the context of the facts in this case, by Shor v. Paoli, 353 So.2d 825 (Fla.1978). See also, Withrow v. Woods, 386 So.2d 607 (Fla. 5th DCA 1980).
The right of appellants to seek contribution from Geist for sums paid to settle the claims of the Geist children is unquestionable. However, appellants may not seek contribution from Geist for the settlement made on behalf of his own personal claim arising out of the injuries to his children.
The order appealed from is affirmed as to the claim for contribution on the settlement paid to Melvin A. Geist, individually, but is reversed as to the claim for contribution for sums paid to settle the claims of the Geist children, and is remanded to the trial court for further proceedings in accordance with this opinion.
ORFINGER, J., concurs.
DAUKSCH, C. J., concurs in part, dissents in part with opinion.