396 So.2d 1135 (1981)
Evelio MANTILLA and American Motorists Insurance Company, a Corporation, Appellants,
v.
Olimpia HASSANIEN and Mohamed Nabil Hassanien, Individually and As Husband and Wife and As Parents of Nermine Hassanien, a Minor, Appellees.
No. 79-2411.
District Court of Appeal of Florida, Third District.
January 20, 1981.
Rehearing Denied May 1, 1981.
Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern, Miami, and David S. Currie, Miami Shores, for appellants.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellees.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
PER CURIAM.
This action arose from a collision between one vehicle driven by Evelio Mantilla, and another driven by Olimpia Hassanien, accompanied by her daughter, Nermine. The Hassanien's brought suit for Nermine's injuries; Evelio affirmatively defended on the basis of Olimpia's sole fault. Alternatively, Evelio counterclaimed for contribution from Olimpia under the Joint Tortfeasors' Act.
The counterclaim was dismissed from the pleadings under authority of 3-M Electric Corp. v. Vigoa, 369 So.2d 405 (Fla. 3d DCA 1979), and Evelio appealed.
We reverse the dismissal on the basis of our decision in Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1981), which overrules 3-M, and concludes that contribution properly lies against a contributorily negligent parent of an injured minor child-plaintiff.
Reversed and remanded for further disposition not inconsistent with this opinion.

*1136 ON MOTION FOR RECONSIDERATION

PER CURIAM.
The motion for reconsideration is denied. However, as in Quest v. Joseph, 392 So.2d 256, 262, n. 12 (Fla. 3d DCA 1981) and Orlando Sports Stadium, Inc. v. Gerzel, 397 So.2d 370 (Fla. 5th DCA 1981), we shall certify this cause to the supreme court as one involving a question of great public importance, as to whether and under what circumstances an action for contribution lies against the parent of an injured child.