397 So.2d 370 (1981)
ORLANDO SPORTS STADIUM, INC., Pete Ashlock and Russell Coe, Operating As P & R Racing; Pete Ashlock, Individually; and Russell Coe, Individually, Appellants,
v.
Susan L. GERZEL, John F. Eppright, Robert R. Gerzel and Lynn Eppright, Appellees.
No. 79-398.
District Court of Appeal of Florida, Fifth District.
April 15, 1981.
*371 Charles R. Stepter, Jr., of Fishback, Davis, Dominick & Bennett, Orlando, for appellants.
Kirk N. Kirkconnell of Muller & Kirkconnell, P.A., Winter Park, for appellees.
COWART, Judge.
Two minors, by and through one parent each, sued alleging that appellants provided a spectator area at motorcycle races which permitted the minors to wander onto the race track where they were struck by a motorcycle and injured. Damages were claimed for the minors' injuries and by the parents, individually, for medical expenses and loss of their children's services. Appellants counterclaimed against the plaintiff-parents and filed third-party complaints against the minors' non-party parents for contribution[1] claiming the parents negligently failed to supervise and protect their children. The trial court dismissed the counterclaims and third-party complaints on the authority of 3-M Electric Corporation v. Vigoa, 369 So.2d 405 (Fla.3d DCA 1979). The trial court felt bound by 3-M but could not agree that a proper result was being reached. The court reasoned that if the doctrine of comparative negligence (Hoffman v. Jones, 280 So.2d 431 (Fla. 1973)), was to be fairly applied in this case, the rationale of Shor v. Paoli, 353 So.2d 825 (Fla. 1977) (permitting a negligent tortfeasor to seek contribution from a wife whose negligence contributed to the injuries caused her husband), should be extended and applied to permit a third person, whose negligence combines with that of parents to cause injury to a child, to have contribution from the parents when necessary in order to permit the third person tortfeasor to reduce his financial exposure to the level of his prorata share of the total negligence causing the injury. We agree with the trial judge. Since the trial judge's reliance on 3-M, that decision has been overruled, Quest v. Joseph, 392 So.2d 256 (Fla.3d D.C.A. 1981).
This court has held that there is no logical distinction between the interspousal immunity involved in Shor and the parent-child relationship and therefore, has recognized a tortfeasor's right of contribution from a mother who was allegedly negligent in operating the vehicle in which her child was injured. Withow v. Woods, 386 So.2d 607 (Fla. 5th DCA 1980).
Both the spousal negligence in Shor and the parental negligence in Woods involved the failure of a general duty required of all people, that of properly operating a motor vehicle. See also Mantilla v. Hassanien, 396 So.2d 1135 (Fla.3d DCA 1981). However here, as in Quest, the asserted liability of the parents is based on the alleged failure to properly supervise and protect their children, a duty pertaining exclusively to parents. While we are apprehensive as to the result of some applications of the principle,[2] we are compelled to recognize that parents and others having the immediate custody and control of children *372 too young to exercise judgment to care for themselves, have a duty as ordinary prudent persons to use reasonable care to watch over, supervise and protect them from foreseeable hazards and harm. In doing so, we note with approval the excellent opinion of Judge Schwartz on rehearing en banc in Quest.
This decision passes upon the question as to whether, and under what circumstances, an action for contribution lies against the parents of an injured child. We hereby certify that we believe this to be a question of great public importance so that appellees, if they wish, may timely invoke the discretionary jurisdiction of our Supreme Court to review this decision. Art. V, § 3(b)(3), Fla. Const. (1980); Fla.R.App.P. 9.030(a)(2)(A)(v) and 9.120.
Accordingly, the order dismissing the counterclaim and the third-party complaint for contribution from the parents is
REVERSED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] § 768.31(2)(a), Fla. Stat. (1979).
[2] See Annot., 41 A.L.R.3d 904 (1972) [liability of parent for injury to unemancipated child caused by parent's negligence].