400 So.2d 8 (1981)
John PETRIK and Claudine Petrik, Husband and Wife, Petitioners,
v.
NEW HAMPSHIRE INSURANCE COMPANY, a Foreign Corporation, Superior Dairies, Inc., a Corporation, Richard Williams, Irving T. Charles, Automobile Club of Southern California, a Foreign Corporation, and David Petrik, Respondents.
Richard WILLIAMS, Superior Dairies, Inc., and New Hampshire Insurance Company Petitioners,
v.
John PETRIK and Claudine Petrik, Husband and Wife, Respondents.
Nos. 57176, 57179.
Supreme Court of Florida.
June 4, 1981.
*9 Robert C. Gobelman and Jack W. Shaw, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman and Cobb, Jacksonville, for petitioners/respondents.
Carle A. Felton, Jr. of Boyd, Jenerette, Leemis & Staas, Jacksonville, for respondents/petitioners.
ALDERMAN, Justice.
John and Claudine Petrik were passengers in their son David's automobile, driven by David, when it collided with a truck owned by Superior Dairies and driven by Irving Charles, Superior's employee. David's car was insured by Automobile Club of Southern California. The policy excluded coverage for "bodily injury to the named insured or a relative." The Petriks sued Superior Dairies and its insurer, New Hampshire Insurance Company, and Irving Charles. These defendants then filed a third-party complaint seeking contribution against David Petrik and his insurer, Automobile Club of Southern California. David's insurer denied coverage based on the family exclusion clause in its policy. The trial court granted summary judgment against David's insurer on the issue of coverage. On appeal, the insurance company sought reversal of the summary judgment, contending that its family exclusion clause was valid and that it was not responsible for the contribution claim against its insured. The district court, Fla.App., 379 So.2d 1287, rejected this contention and, citing its prior decision in Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 371 So.2d 166 (Fla. 1st DCA 1979), it held that family exclusion clauses such as this one did not bar recovery of a third-party contribution claim against a joint tortfeasor's insurer. Pursuant to article V, section 3(b)(3), Florida Constitution (1972), it certified the following question as being one of great public interest.
Does a family exclusion clause in an automobile insurance policy control over the Uniform Contribution Among Joint Tortfeasors Act to prevent one tortfeasor from seeking contribution from another tortfeasor?
Automobile Club of Southern California, the party adversely affected by the district court's resolution of this question, did not seek review of the district court's decision. Therefore, even though the district court has certified this question as being one of great public interest, we do not have jurisdiction because the certified question has not been brought to us for review. As to these parties, the district court's decision on this issue is final and is the law of the case. This is true even though we have subsequently quashed the district court's decision in Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co. and answered the certified question contrary to the holding of the district court. Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla. 1980).
*10 Pursuant to article V, section 3(b)(3), Florida Constitution (1972), John and Claudine Petrik, in case No. 57,176, and Richard Williams, Superior Dairies, Inc., and New Hampshire Insurance Company, in case No. 57,179, seek to invoke our jurisdiction on the basis of alleged direct conflicts between the district's decision and other decisions of the district courts of appeal and the Supreme Court. Neither petition is based on the certified question. Having considered the jurisdictional briefs, we conclude that the district court's decision on these other issues has not created such direct conflict as would warrant the exercise of our jurisdiction.
Accordingly, the petitions for certiorari are denied.
No motion for rehearing will be entertained by the Court. See Fla.R.App.P. 9.330(d).
SUNDBERG, C.J., and BOYD and McDONALD, JJ., concur.
ADKINS, J., dissents.