ALDERMAN, Justice.
The District Court of Appeal, Second District, in Davis v. Mandau, 400 So.2d 89 (Fla.2d DCA 1981), affirmed in summary fashion the trial court’s entry of summary judgment for respondents but decided that the trial court erred in entering a cost order in favor of respondent Evans to the extent that it taxed the costs of depositions. The district court then certified that the portion of its decision relating to the award of costs for depositions conflicts with several decisions. Evans, against whom this decision was made, has chosen not to seek review of the district court’s decision. Rather, petitioners, who prevailed on this point in the district court, now seek review of the district court’s decision on an entirely different basis. They argue that the district court erred in affirming the summary judgments in favor of appellees and attempt to demonstrate conflict of decisions on this point.
In Petrik v. New Hampshire Insurance Co., 400 So.2d 8 (Fla.1981), where the question certified was not brought to us for review, we held that we did not have jurisdiction to review other issues. In the present case, where the conflict certified has not been brought to us for review, we likewise do not have jurisdiction. Furthermore, the district court’s decision on the summary judgment issue was effectually an affirmance without opinion with which express and direct conflict cannot be established. Jenkins v. State, 385 So.2d 1356 (Fla.1980).
Accordingly, the petition for review is dismissed.
It is so ordered.
*916 BOYD, OVERTON and McDONALD, JJ., “concur.
ADKINS, Acting C. J., dissents.