DELL, Judge.
Appellants, plaintiffs below, appeal from an order dismissing their Fifth Amended Complaint with prejudice.
Appellants filed a twelve count complaint against eleven defendants seeking damages for personal injuries sustained by Mel *992 vin Carroll and members of his family allegedly as a result of his exposure to dangerous chemicals. This appeal concerns only those orders which dismissed the complaint with prejudice as to appellees Superi- or Design Company, Inc., (Superior); Cooper Airmotive, Inc., (Cooper); and Aviall of Texas, Inc., (Aviall). We limit our review to only those allegations of the complaint which pertain to these appellees and more particularly, those contained in Counts I, V, VI and VII through XII.
Appellant Melvin Carroll alleged that Cooper employed him from May, 1973 to 1975 and that Superior employed him from September, 1975 to November, 1975. He alleged that during this period of time, while in the normal course and scope of his employment, he was exposed to chemical substances which caused him to suffer personal injuries. He alleged that Cooper and Superior were negligent because they breached their duty to provide him with a safe place to work when they knew or should have known that the exposure to the chemicals would cause him injury. Finally, appellants allege that Aviall is Cooper’s successor in interest, and has agreed to assume its corporate liabilities. We hold these allegations sufficient to state a cause of action in negligence against appellees for Mr. Carroll’s injuries (Count I).[1] We also hold that the allegations of Count VI adequately state a cause of action for the derivative claims of his wife, appellant Carol Carroll.
In Count V appellant attempts to state a cause of action for punitive damages against all of the defendants named in his Fifth Amended Complaint. We find the allegations of Count V vague, ambiguous, and indefinite. First, the most liberal reading of Count V fails to disclose which allegations, if any, appellant intended to assert against appellees. Second, appellant’s allegation that “the Defendants” (referring to all defendants named in the Fifth Amended Complaint) wilfully, wantonly and with malice, moral turpitude or reckless indifference acted to cause the injury to appellant cannot, absent allegations of supporting ultimate facts, convert his negligence claim to a cause of action for punitive damages.
The use of the descriptive words “willful, wanton or reckless” is not sufficient to state a case entitling recovery of exemplary or punitive damages.... In order to recover exemplary damages, the complaint must allege some general facts and circumstances of fraud, malice, gross negligence, or oppression. Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214. Adjectives employed to label an act are of themselves insufficient to support a claim of gross negligence and are in fact unnecessary.
Rice v. Clement, 184 So.2d 678, 680 (Fla. 4th DCA 1966). We hold the allegations of Count V insufficient to state a cause of action for punitive damages against appel-lees.
In Counts VII through XII, appellants failed to adequately allege ultimate facts which would establish a legal duty flowing from appellees, Mr. Carroll’s alleged employers, toward Mr. Carroll’s wife and children, or facts which would establish that appellees could reasonably foresee their injuries.
Therefore, we affirm the trial court’s dismissal of Counts V and VII through XII of appellants’ Fifth Amended Complaint, and reverse the trial court’s order dismissing Counts I and VI as to appellees Cooper, Superior and Aviall and remand this cause to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LETTS and WALDEN, JJ., concur.

. Appellees vigorously argue that they are not Mr. Carroll’s employers. This factual dispute is not appropriately resolved upon appeal from an order of dismissal.