486 So.2d 1359 (1986)
Donna LEGARE and Jody Wathall, D/B/a Native Nurseries, Appellants,
v.
MUSIC & WORTH Construction, Inc., Leon County and Henson Engineering, Inc., Appellees.
No. BG-472.
District Court of Appeal of Florida, First District.
April 3, 1986.
*1360 John F. Tierney, III, Ft. Walton Beach, for appellants.
J. Craig Knox of Fuller & Johnson, Tallahassee, for appellee/Music & Worth Const., Inc.
R. William Roland and Michael G. Maida of Karl, McConnaughhay, Roland, Maida & Beal, P.A., Tallahassee, for appellee/Henson Engineering, Inc.
O. Earl Black, Jr., Asst. Co. Atty., Tallahassee, for appellee/Leon County.
SMITH, Judge.
Appellants seek reversal of a final judgment dismissing with prejudice their amended complaint, which sought to impose liability on appellees based upon negligence (counts I and VI) and third party beneficiary theories (counts II and VII). Appellants also assert that the trial court erred in striking with prejudice their claim for punitive damages. We affirm in part, reverse in part, and remand for further proceedings.
In January of 1982, appellees Music and Worth Construction, Inc. (Music & Worth) and Leon County entered into a contract whereby Music & Worth agreed to perform certain construction repairs along a portion of Centerville Road located in Tallahassee, Florida. Completion of this construction project occurred in July 1982. According to appellants' first amended complaint, the contract between Music & Worth and Leon County included provisions requiring Music & Worth to "insure the least practicable inference with traffic" along Centerville Road by "avoid[ing the creation of] obstructions or hazards to any traffic" and "adequately maintaining all lanes used for maintenance of traffic" so as to "refrain from isolating places of business and [to provide] access to all places of business whenever construction interferes with existing means of access." However, those portions of the contract between Music & Worth and Leon County attached to the amended complaint do not make specific reference to ingress and egress of businesses abutting Centerville Road.[1] Although appellants have filed requests for *1361 production of the contract, Music & Worth evidently produced only a portion of the various contractual provisions. However, appellants filed no motion to compel Music & Worth to produce the entire contract between it and Leon County.[2]
In any event, subsequent to completion of the Centerville Road construction, appellants filed their seven-count amended complaint against Music & Worth, Leon County, and appellee Henson Engineering, Inc. (Henson), the supervising engineer for the construction project.[3] Appellants alleged that Music & Worth was negligent in its performance of the construction repairs along Centerville Road, based upon Music & Worth's alleged failure to follow contractual provisions relating to maintenance of continued access for abutting landowners. The complaint also alleged negligence on the part of Leon County and Henson for failure to supervise the construction activities of Music & Worth. The amended complaint further alleged that appellants' business, Native Nurseries, was a third party beneficiary of the contract between Music & Worth and Leon County, and that appellees' negligence in breaching the alleged business access provisions of the contract caused appellants to lose business income and customer goodwill. Finally, the amended complaint also included a claim for punitive damages against Music & Worth, based upon allegations that it "willful[ly], wanton[ly], and intentional[ly]" delayed reopening access to Native Nurseries during the Centerville Road construction project.
Leon County filed an answer which included as an affirmative defense the contention that appellants' claimed injuries were caused by the acts of third parties, Music & Worth and Henson, over whom the county exercised no control or authority. Music & Worth responded by moving to strike appellants' claims for both punitive damages and lost business income, growth, and customer goodwill. Music & Worth also moved to dismiss the count relating to appellants' third party beneficiary theory. Henson filed a motion to dismiss all counts against it. Subsequently, by order dated January 31, 1985, the trial court granted Music & Worth's motion to strike the punitive damages claim with prejudice. The order also granted the motions to dismiss on all remaining counts except count I, relating to a claim for property damages against all three appellees. Appellants were granted twenty days from the date of entry of the order to file a second amended complaint on all counts except the punitive damages claim. When appellants declined to do so, appellees separately moved for either final judgment or partial final judgment.
At a further hearing on the above motions, appellants asserted that their first amended complaint stated a cause of action against appellees as pled, and that they would not seek to amend it further. Appellants also indicated that in light of the trial court's dismissal with prejudice of the punitive damages claim, and the impact of this dismissal on their ability to meet the jurisdictional amount requirements, appellants would dismiss their claim for property damages since, according to appellants, their claims for business losses were the "true essence of [the] entire case." Upon this announcement by appellants, the trial court granted the various motions of appellees, and entered an order of final judgment of dismissal on all claims raised by appellants.
Appellants first contend that the trial court erroneously dismissed their claims against appellees Music & Worth, and Henson Engineering, Inc., for business losses. Appellants acknowledge Florida law barring a land owner from maintaining an action for lost business income resulting from the obstruction or closing of a road *1362 during construction,[4] but assert that they are not attempting to recover damages caused by the mere closing of Centerville Road in front of their business. Instead, appellants maintain, they seek recovery for the alleged negligence of appellees, a basis of recovery they claim is recognized by Florida law. We agree.
The rule that "incidental" impairment of an abutting landowner's rights to ingress and egress caused by road construction on adjacent public highways, see footnote 4, supra, states no claim for damages is said to apply only where the construction undertaken is performed lawfully, and without negligence or misconduct. Cawthon v. Town of Defuniak Springs, 102 So. 250, 88 Fla. 325 (Fla. 1924); Crum v. Sumter County, 60 So. 723, 68 Fla. 120 (Fla. 1914). Where such negligence or misconduct is alleged to have occurred during construction, an action sounding in tort is considered proper. State, Department of Transportation v. Donahoo, 412 So.2d 400, 403 (Fla. 1st DCA 1982); Division of Administration, State of Florida, Department of Transportation v. Frenchman, 476 So.2d 224, 229 (Fla. 4th DCA 1985). Other courts, although denying recovery on the particular facts involved, have recognized that an action may be predicated on allegations that street construction or repair operations have been negligently performed, causing the time for completion of the project to be unreasonably prolonged, thus continuing interference with the business access for an unnecessary length of time. Myers v. District of Columbia, 17 F.R.D. 216, 217 (D.C.Dist.Colum. 1955); Lewis v. Globe Construction Company, Inc., 6 Kan. App. 2d 478, 630 P.2d 179, 184 (1981). Here, appellants' amended complaint alleges two separate bases for finding appellees Music & Worth and Henson Engineering negligent: failure to insure the least interference with access to Native Nurseries during construction, and requiring seven months to complete the performance of the construction. Therefore, we hold that the trial court erred in dismissing counts I and VI of appellants' amended complaint.
We also find merit to appellants' claim that counts II and VII, alleging a third party beneficiary theory, were sufficient to raise a colorable claim for relief. A person not a party to a contract may sue for breach of the contract where the contract provisions clearly establish the parties' intent to create a right primarily and directly benefiting the third party. Health Application Systems, Inc. v. Hartford Life and Accident Insurance Company, 381 So.2d 294 (Fla. 1st DCA 1980). Here, appellants' amended complaint alleged that the contract between Music & Worth and Leon County required Music & Worth to:
d. refrain from isolating places of business [along Centerville Road] and [provide] access to all places of business whenever construction interfered with existing means of access.
This provision, if in fact a part of the contract, would suffice to raise a colorable cause of action under a third party beneficiary theory. Health Application Systems, Inc., supra. Although appellants have not yet complied with the requirement of Rule 1.130, Florida Rules of Civil Procedure, that they attach a copy of the complete contract to their amended complaint, we find that they should be allowed an opportunity to do so, since appellees do not claim that they were prejudiced by appellants' failure to proffer the complete contract.[5] Of course, our disposition of this point on appeal does not preclude the parties *1363 from testing the sufficiency of appellants' proof prior to trial by motions for judgment on the pleadings or summary judgment, rules 1.140(c) and 1.510, Florida Rules of Civil Procedure.
Appellants' claim for punitive damages stands on a slightly different footing. Since the allegations upon which it was based were primarily couched in descriptive adjective form, which has been held insufficient to raise the issue, the trial court properly dismissed this claim. Rupp v. Bryant, 417 So.2d 658, 671 (Fla. 1982); Carroll v. Magnaflux Corp., 460 So.2d 991 (Fla. 4th DCA 1984). However, since it is conceivable that appellants could plead ultimate facts concerning Music & Worth's alleged intentional delay in completing construction near appellants' business, the dismissal should have been without prejudice. See Cutler v. Board of Regents of State of Florida, 459 So.2d 413, 417 (Fla. 1st DCA 1984).
Finally, appellants contend that the trial court erred when it dismissed count III of their amended complaint which alleged negligent supervision on the part of Leon County. Appellants point out that the county's motion to dismiss was raised orally at the May 13, 1985 hearing on the other appellees' motions after the county had filed an answer. However, in light of appellants' "waiver," found in their reply brief, of "any issues with reference to [appellee Leon] County not having filed a motion to dismiss," which waiver was made for the stated purpose of allowing this court to review the merits of the trial court's action, we hold that the trial court properly dismissed appellants' claim against Leon County, since the County, as owner of Centerville Road, was not liable for the actions of the other appellees due to their status as independent contractors. Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983).[6]
To summarize, we reverse the trial court's dismissal of counts I, II, VI, and VII of the amended complaint. We affirm the court's dismissal of paragraph fourteen of count I, the punitive damages claim, but direct on remand that the dismissal be denominated "without prejudice." We also affirm the court's dismissal of count III of the amended complaint. Finally, we remand this cause for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BOOTH, C.J., and WENTWORTH, J., concur.
NOTES
[1] The attachments to the amended complaint do contain as an exhibit a letter, dated March 19, 1982, from the Leon County Board of County Commissioners to Music & Worth. The letter sets forth the county's concerns regarding Music & Worth's compliance with certain contractual provisions, including the following:

4. Your responsiveness to local business ingress and egress requirements is also of particular concern.
[2] Music & Worth claimed at oral argument that it had produced as much of the contract as it had in its possession, and suggested that Leon County might have possession of the remaining contractual provisions.
[3] Henson assumed supervision over the project from Hourdequin and Associates, Inc., who was subsequently voluntarily dismissed from this action by appellants.
[4] See, e.g., Anhoco v. Dade County, 144 So.2d 793 (Fla. 1962) (dicta); Howard Johnson Company v. Division of Administration, et al, 450 So.2d 328 (Fla. 4th DCA 1984); City of Orlando v. Cullom, 400 So.2d 513 (Fla. 5th DCA 1981), pet. for rev. den., 411 So.2d 381 (Fla. 1981).
[5] In the current posture of this case, it is doubtful that appellees could prove such prejudice since, as parties to the contract, they can be said to have implicit knowledge of the contract's various provisions. Conklin v. Cowen, 287 So.2d 56, 60 (Fla. 1973); Seaboard Coastline Railroad Company v. Brummitt, 390 So.2d 170 (Fla. 5th DCA 1980); Parkway General Hospital v. Allstate Insurance Company, 393 So.2d 1171 (Fla. 3d DCA 1981).
[6] Although the trial court does not purport to rely on this rule as a basis for his decision to grant Leon County's motion to dismiss, it is our conclusion that the rule would support the trial court's action. Thus, since the result of the court's decision was correct, the court's action should be affirmed. Atlantic Plaza Partnership v. Daytona Sand, Inc., 357 So.2d 761 (Fla. 1st DCA 1978), cert. den., 364 So.2d 880 (Fla. 1978).